■ CATHERINE RICKERMAN, Respondent, v. ABRAHAM RICKERMAN, Appellant.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, entered upon a decision of the court at Trial Term, without a jury. The trial court directed that appellant reconvey to himself and respondent, his wife, as tenants by the entirety a house and lot presently solely in appellant's name but originally owned by them as tenants by the entirety. The record discloses that after a laundry business in which appellant was interested was purchased in the name of respondent and one Williams, a friend of appellant, respondent, by warranty deed dated January 4, 1960 conveyed her interest in the property to appellant. No consideration was given for the transfer, which was made at appellant's suggestion in order to protect his interest in the property in view of the business venture undertaken in the name of respondent and Williams, and respondent made all mortgage payments until April 1, 1965. Respondent testified that, when this deed was executed, she and appellant had an oral understanding or agreement under which appellant would reconvey her interest to her if the laundry business

were discontinued and that she never intended to make a gift of her interest to appellant. Appellant denied that he had said he would return her interest. Subsequently, in March, 1960 the respondent's interest in the laundry business was discontinued — apparently due to a conflict between appellant and Williams, and the business was turned over to Williams alone. The property involved was not, however, reconveyed to respondent and upon learning in the spring of 1968 that appellant planned to sell the property, respondent commenced this action seeking a reconveyance of her interest in the property by service of a summons and complaint on June 7, 1968. Appellant first urges that the respondent's action was barred by the six-year Statute of Limitations applicable to actions based on fraud (Civ. Prac. Act, § 48, subd. 5; now CPLR 213, subd. 9 [see also CPLR 203, subd. (f)]). However, the action brought is not based on actual fraud but rather seeks to impose a constructive trust to prevent unjust enrichment under cover of a confidential relationship. As such, actual fraud need not be shown and unnecessary allegations of actual fraud do not transform the gravamen of the cause of action into an action to recover a judgment on the ground of fraud (*Hearn 45 St. Corp.* v. *Jano*, 283 N. Y. 139, 141–143). Thus the trial court correctly determined that the ten-year residual Statute of Limitations (Civ. Prac. Act, § 53; now CPLR 213, subd. 1 [six years — but see CPLR 218, subd. (b)]) applied (*Scheuer* v. *Scheuer*, 308 N. Y. 447). Nor do we find any merit in appellant's contentions that the action is barred by the Statute of Frauds or that respondent failed factually to establish a constructive trust. The Statute of Frauds does not prevent the recognition of a constructive trust affecting an interest in land where a confidential relationship would be abused if there were repudiation, without redress, of an oral promise to hold in trust (*Foreman* v. *Foreman*, 251 N. Y. 237; *Farano* v. *Stephanelli*, 7 A D 2d 420, 423–424), and on the instant record the trial court could clearly find that the evidence was sufficient to sustain respondent's contentions and to rebut appellant's assertion that a gift was intended. Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.