■ EVERETT W. HERRICK, Respondent, v RUSSELL J. WATTERS et al., Appellants.—Appeal from a judgment of the County Court, Delaware County, entered February 24, 1975, upon a decision rendered at Special Term, without a jury, directing specific performance of a contract for the sale of real property. The plaintiff brought this action to compel the specific performance of a contract for the purchase and sale of real estate owned by defendants. On this appeal defendants contend that (1) the plaintiff was not entitled to specific performance because he was guilty of laches; (2) that plaintiff failed to prove a prima facie case for specific performance and (3) the plaintiff is not entitled to the alternate relief of money damages requested in the event specific performance could not be granted. We find no merit in the defendants' contentions. The court was justified in finding that the plaintiff was not guilty of laches in prosecuting this action to enforce the contract for the purchase of defendants' real property. In *Groesbeck v Morgan* (206 NY 385, 389) the court said, "In determining whether such delay is fatal in the domain of equity, regard must always be had to the peculiar circumstances of each case." The determination of what is a reasonable time is usually a question of fact *(Eastern Shopping Centers v Trenholm Motels,* 33 AD2d 930). The record supports the finding of the court that the plaintiff established his case by a fair preponderance of the credible evidence. As the court granted plaintiff's request for specific performance and we affirm, we have not considered plaintiff's request for the alternate relief of damages in the event specific performance was denied. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Koreman and Reynolds, JJ., concur.

■ In the Matter of the Claim of ROBERT C. BOORAS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent. NEW YORK TELEPHONE COMPANY, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 28, 1974, which disqualified claimant from receiving unemployment insurance benefits, upon the ground that he lost employment through his own misconduct. Claimant's explanation for his absence from his assigned work station, after final warnings as to the consequences of such conduct, merely presented questions of fact and credibility. The resolution of these issues is solely within the province of the board, and its determination must be sustained where, as here, it is supported by substantial evidence *(Matter of Lester [Catherwood],* 30 AD2d 1025). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.