■ PAUL H, SAVAGE, Appellant, v BARBARA A. SAVAGE, Defendant, and GORDON LA GRANGE et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered September 22, 1977 in Fulton County, which dismissed plaintiff's complaint. The amended complaint states that plaintiff and defendant, Barbara Savage, were husband and wife and that the defendants La Grange are the parents of Barbara. It is alleged that, commencing in 1964 and continuously until immediately prior to the commencement of this action on June 27, 1976 to impose a constructive trust on .71 acre of land owned by the La Granges, Barbara's parents promised that they would convey the land to plaintiff and his wife.* Special

---

* Plaintiff and Barbara Savage, nee La Grange, were divorced before the commencement of this action.

Term dismissed the action on the ground of untimeliness. An action to impose a constructive trust is subject to the six-year residual Statute of Limitations (CPLR 213, subd 1; *Motyl v Motyl,* 35 AD2d 1051; *Rickerman v Rickerman,* 34 AD2d 1069). The only issue is when that period begins to run. Under the fact pattern herein there is no identifiable wrongful event chargeable to defendants that marks the beginning of the limitations period *(Scheuer v Scheuer,* 308 NY 447), nor is there any identifiable date in the amended complaint or in the verified bill of particulars when defendants allegedly refused to perform their promise *(Saldi v Saldi,* 32 Misc 2d 516). It satisfactorily appears from the record that in 1964 plaintiff and his wife, in reliance upon the promise of defendants La Grange to convey the subject property to them, moved onto the same and over the next several years improved the property by converting a mobile trailer into a permanent home and installing a sewage system and well. In 1966 plaintiff left for the military service and did not return until 1970. Further improvements were made to the property by plaintiff after 1970 and plaintiff avers in his affidavit that the present improvements were appraised by a realtor retained by his defendant wife's attorney at the sum of $30,600. The defendants did not file an answering affidavit. Therefore, we conclude that since the amended complaint is silent as to the dates of demands by plaintiff for the conveyance or the dates of refusal to perform by the defendants in response to any demand, it was error to dismiss the amended complaint on the ground of untimeliness. The motion to dismiss on that ground can and should be made at trial if proof as to timely demand and failure to perform should be established (cf. *Saldi v Saldi, supra).* Order reversed, on the law and the facts, without costs, and complaint reinstated. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Larkin, JJ., concur.