■ BEY CONSTRUCTION Co., INC., et al., Respondents, v JEANNE YABLONSKI, Appellant. (Action No. 1.) EDWIN YABLONSKI, Respondent, v JEANNE YABLONSKI, Appellant. (Action No. 2.) (And a Third Action.)—In consolidated actions to, *inter alia,* impress constructive trusts upon certain real property, the appeal is from an order of the Supreme Court, Suffolk County dated February 4, 1980 which denied appellant's motion for summary judgment. Order affirmed, without costs or disbursements. Edwin Yablonski and his solely owned corporation, Bey Construction Co., Inc., transferred certain property to appellant, Jeanne Yablonski. They contend that such transfer resulted in a constructive trust with appellant serving in the capacity of constructive trustee. Their complaints seek equitable relief based upon the appellant's alleged breach of certain fiduciary duties as the constructive trustee, including her refusal to reconvey the property to them. The appeal is from the denial of appellant's motion for summary judgment

on the ground that the actions are barred by the Statute of Limitations. The principal issue is when the causes of action accrued for the purpose of calculating the applicable six-year period of limitations (see CPLR 213, subd 1). Appellant contends that the period commenced to run when the constructive trust was allegedly created, i.e., the date that the property was conveyed to her. In the circumstances of this case such view is untenable. Although the plaintiffs in Actions Nos. 1 and 2 cannot succeed unless they first establish the existence of a constructive trust, the gravamen of their complaints is not that such a trust relationship was unwillingly created (cf. *Scheuer v Scheuer,* 308 NY 447) but rather, that appellant has breached the trust relationship. Here, plaintiffs claim to have purposely created the trust relationship and for years appellant allegedly fulfilled her duties in accordance with the parties' unwritten understanding. Not until appellant allegedly breached this supposed agreement, did the plaintiffs have cause to seek judicial redress. The period of limitations commences at the time of the wrongful event *(Scheuer v Scheuer, supra; Savage v Savage,* 63 AD2d 808). It is clear that the transfer of property to the appellant did not per se constitute a wrongful act for the purposes of the Statute of Limitations. Rather, the causes of action stem from the alleged breach of the implied trust relationship and necessarily, it is the time when the relationship was allegedly breached that marks the beginning of the period of limitations (cf. *Rickerman v Rickerman,* 34 AD2d 1069). Accordingly, Special Term's order denying appellant's motion for summary judgment is affirmed. Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.