FLORENCE AUGUSTINE, Respondent, v ANNA SZWED, Appellant.

Fourth Department, November 13, 1980

APPEARANCES OF COUNSEL

*Sargent, Scibetta & Repka, P. C. (Charles J. Scibetta* of counsel), for appellant.

*Herbert T. Cheiffetz (Robert V. Semon* of counsel), for respondent.

OPINION OF THE COURT

SIMONS, J. P.

The central issue on this appeal is the timeliness of plain-

tiff's action seeking to impose a constructive trust on the proceeds of life insurance on her husband's life which were received by defendant after his death (see, generally, *Simonds v Simonds*, 45 NY2d 233).

Plaintiff and Stephen Augustine, wed since 1939, separated in 1968. At that time they signed an agreement which provided: "INSURANCE: The HUSBAND hereby agrees to maintain in full force and affect insurance policies on his life as listed below, and that HUSBAND hereby agrees that there shall be no change in the beneficiary and that the beneficiary shall remain in the WIFE and further that the HUSBAND does hereby agree to advise by written instrument the companies that HUSBAND waives all right, title and interest in and to the making of any change in beneficiary during the lifetime of the WIFE." (Punctuation and spelling from the original.) There followed a list of 10 life insurance policies.

Shortly after executing the agreement, Stephen went to live with defendant, his sister. Thereafter, he named her beneficiary on five of the listed policies and upon his death, April 3, 1975, defendant received the proceeds. On November 24, 1978 plaintiff demanded that the insurance moneys be turned over to her and when defendant refused, she commenced this action on December 9, 1978. She seeks imposition of a constructive trust on the proceeds of all life insurance policies on the life of Stephen Augustine received by defendant or Stephen Augustine's estate. Defendant asserted several defenses in her answer, including the Statute of Limitations and laches, which we consider here, and two counterclaims, one for services rendered to Stephen Augustine while he lived with her and during his last illness. Both parties moved for summary judgment. Special Term denied defendant's motion but granted plaintiff's motion, dismissing defendant's affirmative defenses and counterclaims and ordered judgment in favor of plaintiff for $15,014.51, a sum which apparently equaled the proceeds of the five policies on which defendant admittedly was named as beneficiary, plus interest. Defendant appeals.*

---

*It does not appear what happened to the other five policies. If they lapsed, then plaintiff's only claim would be against her husband's estate. That claim

We first consider the contention that the action is barred by the Statute of Limitations.

Defendant urges that plaintiff's claim is essentially one for breach of contract and that it accrued when decedent breached the separation agreement by changing the beneficiaries, apparently in 1968. Concededly, plaintiff had a right to enforce the agreement then and if she had knowledge of the breach or if she had an affirmative duty to ensure that defendant complied with the separation agreement, her cause of action may have accrued on that date. Nothing in the record indicates that she was chargeable with actual or constructive knowledge of Stephen's breach, however, and her action for imposition of a constructive trust is not foreclosed by her failure to investigate his compliance or noncompliance with the terms of the separation agreement. Furthermore, notwithstanding the beneficiary changes, Stephen's obligation to ensure plaintiff's rights to the proceeds of the insurance on his life was a continuing one, not finally breached until his death in 1975 (see *Simonds v Simonds, supra,* p 238). Until then it was within his power to fulfill his promise in the separation agreement at any time, his prior inconsistent acts notwithstanding. Accordingly, we view the claim as plaintiff has pleaded it, one to impose a constructive trust upon the proceeds received by defendant from the insurance policies insuring Stephen Augustine's life.

An action for constructive trust is an equitable action governed by the six-year Statute of Limitations (CPLR 213, subd 1; *Scheuer v Scheuer,* 308 NY 447; *Savage v Savage,* 63 AD2d 808; *Motyl v Motyl,* 35 AD2d 1051; *Rickerman v Rickerman,* 34 AD2d 1069). The cause of action accrues when the property in dispute is held adversely to the beneficiary's rights. If the beneficiary knows, or should know of the circumstances giving rise to the constructive trust, he will be barred if he fails to act within the statutory period as measured from that date (5 Scott, Trusts [3d ed], § 481.1).

would fail, as would defendant's counterclaim against the estate because it is not a party to this action.

A constructive trustee may acquire property wrongfully, thus holding it adversely to the beneficiary's interest from the date of acquisition, or he may wrongfully withhold property which he has rightfully acquired from the lawful beneficiary. In either case, the cause of action accrues when the acts occur upon which the claim of constructive trust is predicated, the wrongful withholding *(Scheuer v Scheuer, supra; Lammer v Stoddard,* 103 NY 672; *Pagano v Pagano,* 207 Misc 474, affd 2 AD2d 756; 5 Scott, Trusts [3d ed] § 481.1; Bogert, Trusts [2d ed], § 753).

■ The *Scheuer* case *(supra),* on which defendant relies, is consistent with these rules. In *Scheuer,* to the knowledge of his wife, defendant bought real property in his own name which he had promised her would be purchased in both their names. The court held that the cause of action arose on the date the deed was accepted because it was then that the promise was broken and that the husband's ownership was adverse to his wife. Consistent with this ruling, it has been held that when parties agree that property will be acquired or held in one of their names with the understanding that it will be later transferred, the possession at the time of acquisition is not adverse and it does not become so until the promise to transfer is broken or repudiated (see *Motyl v Motyl,* 35 AD2d 1051, *supra; Rickerman v Rickerman,* 34 AD2d 1069, *supra; Saldi v Saldi,* 32 Misc 2d 516 [HOPKINS, J.]). In this case, decedent may have breached the separation agreement in 1968 but there were no insurance proceeds then and no property rightfully belonging to plaintiff was adversely possessed by anyone until after his death. The date when Stephen died was the date when defendant's inchoate rights as beneficiary of the policies vested and when the property was held adversely to plaintiff. That was the date when plaintiff's cause of action to impose a constructive trust arose and she has instituted suit within the time required by the Statute of Limitations (see *Finnegan v McGuffog,* 203 NY 342; *Hurley v Hurley,* 279 App Div 415, affd 306 NY 647).

■ Next, defendant contends that the court erred in dismissing her affirmative defense of laches. Plaintiff was bound to act within a reasonable time after discovering the

wrong or after she should have discovered it, or risk being foreclosed from relief. Whether she did so or not is a question for the trier of the facts considering all the circumstances of the case *(Groesbeck v Morgan,* 206 NY 385, 389; *Treadwell v Clark,* 190 NY 51, 60; *Herrick v Watters,* 50 AD2d 627; see, also, Bogert, Trusts [2d ed], §§ 948, 949; 5 Scott, Trusts [3d ed], § 481.1). Delay alone, however, will not bar relief. The delay must have prejudiced defendant. As was stated in *Seligson v Weiss* (222 App Div 634, 638, quoting from *Chase v Chase,* 20 RI 202): " 'Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as an estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title, intervention of equities, and other causes; but when a court sees negligence on one side and injury therefrom on the other it is a ground for denial of relief' ". (See, also, *Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 318; *Miller v Merrell,* 73 AD2d 128, 135; *149 Clinton Ave. North v Grassi,* 51 AD2d 502; see, generally, Bogert, Trusts [2d ed], § 949, pp 447-452; 36 NY Jur, Limitations and Laches, § 150 *et seq.* on the type of prejudice contemplated by the rule.)

Defendant notes that plaintiff made no claim against her or the estate for over three and a half years after Stephen Augustine's death and she alleges that some of the proceeds of the insurance policies have now been used to satisfy his medical and burial expenses and to make gifts, as he requested, to several third parties. These allegations present issues for the trier of the facts on the defenses of laches. Also, there is no articulated basis for the amount of this judgment in the record and that too presents an issue of fact on the amount of the judgment plaintiff is entitled to if she recovers.

Finally, defendant alleges in her fourth affirmative defense that plaintiff's cause of action may not be maintained because she has not alleged and cannot prove the necessary four elements for a constructive trust as stated in *Sharp v Kosmalski* (40 NY2d 119, 121). Relief is not limited, however, to cases in which those elements may be isolated and the fourth affirmative defense is insufficient as a matter of law *(Simonds v Simonds,* 45 NY2d 233, *supra).*

The order should be modified by reversing those parts dismissing defendant's second affirmative defense of laches and granting plaintiff's motion for summary judgment, and as modified, the order should be affirmed without costs and the judgment entered thereon vacated.

HANCOCK, JR., CALLAHAN, DOERR and MOULE, JJ., concur.

Judgment vacated; order unanimously modified, and as modified, affirmed without costs, in accordance with opinion by SIMONS, J. P.