■ CHRIS BULTERMAN, Respondent, v RICHMOND RACQUET CLUB, Defendant, and DONALD CONHAGEN, Appellant. — In a negligence action to recover damages for personal injuries, defendant Conhagen appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated June 30, 1980, which denied his motion for summary judgment dismissing the complaint as against him. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed as against defendant Conhagen. The record reveals that the plaintiff has failed to raise or establish a triable issue of fact regarding whether defendant Conhagen may be estopped from asserting the affirmative defenses of lack of personal jurisdiction and the Statute of Limitations (cf. *Fotochrome, Inc. v American Ins. Co.,* 26 AD2d 634, affd 23 NY2d 889; *Adelman v Friedman,* 80 Misc 2d 946, affd 83 Misc 2d 802). As defendant Conhagen was never properly served (CPLR 308, 313) jurisdiction over him was never obtained and the complaint must therefore be dismissed as against him. Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.

■ CENTURY FEDERAL SAVINGS AND LOAN ASSOCIATION OF LONG ISLAND, Respondent, v NET REALTY HOLDING TRUST, Appellant. — In an action to reform a lease and to declare the rental escalation clause of that lease unconscionable, defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated March 13, 1981, which denied its motion to dismiss plaintiff's complaint. Order affirmed, with $50 costs and disbursements. While we agree with Special Term that defendant's motion to dismiss plaintiff's complaint should be denied, the issue of whether defendant should be equitably estopped from asserting the Statute of Limitations as an affirmative defense to plaintiff's complaint is not a question of law, but rather a question of fact, which should be fully developed and determined upon the trial of the action. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.