■ FRANCIS H. LYONS, as Administrator of the Estate of FRANCIS H. LYONS, SR., Deceased, Respondent, v CLARA M. QUANDT et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Miner, J.), entered July 2, 1981 in Rensselaer County, which denied defendants' motion to dismiss the complaint based on the expiration of the Statute of Limitations. Plaintiff is the temporary administrator of the estate of decedent Francis H. Lyons, Sr. Defendant Clara Quandt is the daughter of decedent and her husband is defendant Marshall Quandt. The summons and complaint in the present action were delivered to the Sheriff of Saratoga County, wherein defendants reside, on January 13, 1981 and served on defendants on January 28, 1981. The complaint alleges that defendant Clara Quandt represented to decedent that because he was then 89 years of age she would handle his financial affairs; that to enable her to do so he should add her name to certain bank accounts; and that she would return any property in her name or in her possession upon request or would see that such property was distributed in accordance with decedent's last will and testament. It is further alleged in the complaint that in reliance on Clara Quandt's representations, decedent, on or about August 16, 1971, executed the necessary papers so as to add Clara Quandt's name on the bank accounts and a certificate of deposit as apparent joint owner and delivered to her other securities and personal property, all without the intention of making a gift to her of these items. Plaintiff also alleged that in reliance on similar representations by Clara Quandt, decedent executed a deed to certain real property on September 8, 1972 naming himself and Clara Quandt as joint tenants with the right of survivorship but that he did not intend to make a gift of this property to her; that beginning on January 17, 1975 decedent requested the return of his property; that his request was refused and defendants took him to their home to live denying access to him by people who were attempting to assist him; that in response to the blandishments, importunities and undue

influence of defendants, decedent thereafter withdrew his requests upon continued promises of Clara Quandt to return the property at decedent's request or distribute the property in accordance with decedent's last will and testament; and that after decedent's death Clara Quandt repudiated her promises, asserted a claim of outright ownership of the property in question and transferred some or all of the property to her husband or to third persons resulting in the unjust enrichment of defendants. In this action plaintiff seeks, *inter alia,* an accounting and a decree that defendants hold the property in question or the proceeds thereof in trust. A motion was made by defendants for dismissal of the complaint based on the contention that the action was barred by the Statute of Limitations. Special Term denied the motion and this appeal ensued. It is urged by defendants that the cause of action pleaded in the complaint is one for fraud and, therefore, it is time barred under CPLR 213 (subd 8) and 203 (subd [f]). In order to plead a prima facie case of fraud, however, the plaintiff must allege representation of a material existing fact, falsity, *scienter,* deception and injury (*State of New York v Stroup,* 70 AD2d 752). Since the complaint in the present case does not allege any falsity or *scienter* on the part of defendants at the time of the initial representations prior to decedent's transfer of the property, a cause of action for actual fraud was not pleaded. Consequently, defendants' contention in this regard must be rejected. Upon examination of the entire complaint, we conclude that this is an action to impose a constructive trust. The imposition of a constructive trust requires a confidential or fiduciary relationship, a promise, a transfer in reliance thereon and unjust enrichment (*Sharp v Kosmalski,* 40 NY2d 119, 121). Accepting the allegations in the complaint and all reasonable inferences to be drawn therefrom as true, as we must (*Nasaba Corp. v Harfred Realty Corp.,* 287 NY 290, 294), we are of the opinion that these four requirements have been met and the action is one to impose a constructive trust. The present action, therefore, is governed by the six-year residual Statute of Limitations (CPLR 213, subd 1; *Savage v Savage,* 63 AD2d 808, 809, app dsmd 46 NY2d 771). It is alleged in the complaint that defendants first refused to perform the promise to return decedent's property as decedent requested on January 17, 1975. In our view, the Statute of Limitations began to run on that date (see *Scheuer v Scheuer,* 308 NY 447, 450; *Augustine v Szwed,* 77 AD2d 298, 301; *Savage v Savage,* 63 AD2d 808, 809, app dsmd 46 NY2d 771, *supra*) and, accordingly, the action was timely commenced (CPLR 213, subd 1; 203, subd [b], par 5, cl [i]). Defendants also argue that plaintiff's sole complaint is that defendants breached an agreement to make a will and since such agreement was not in writing it was void (see EPTL 3-2.1, 3-2.2) and the complaint thus fails to state a cause of action requiring dismissal. In view of the fact that this contention was not raised in the pleadings or before Special Term, it is not properly raised here (*Matter of Van Wormer v Leversee,* 87 AD2d 942, 943; *Peasley v Reid,* 57 AD2d 998, 999). In any event, we find no merit to this contention as we have concluded that the complaint states a cause of action for the imposition of a constructive trust. We have examined defendants' remaining arguments and find them unpersuasive. The order, therefore, should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Yesawich, Jr., JJ., concur.