■ Leo F. Walsh, Appellant, v Anna C. Walsh, Respondent. — Order affirmed, with costs. All concur, Simons, J., not participating. Memorandum: In 1979 plaintiff husband commenced an action to impose a constructive trust on certain property he transferred to defendant wife prior to entering into a separation agreement with her in 1970. Defendant brought a motion for summary judgment which was granted on the bases that no confidential relationship existed between the parties; the Statute of Limitations had run; and the general release provision in the separation agreement barred the action. A confidential relationship is an essential element of an action for a constructive trust (*McGrath v Hilding*, 41 NY2d 625). It is difficult to conceive of a more confidential relationship than that of husband and wife (*Janke v Janke*, 47 AD2d 445, affd 39 NY2d 786); the fact that the parties were separated or foresaw the possibility of divorce does not preclude the imposition of a constructive trust (*Simonds v Simonds*, 58 AD2d 305, affd 45 NY2d 233). At the time of these transfers, plaintiff and defendant were husband and wife and the relationship between them was one of confidence regardless of whether the marriage was a happy one. The Statute of Limitations for the purposes of imposing a constructive trust is six years and the action accrues when the party seeking to impose the trust knows or should have known of the wrongful withholding (*Augustine v Szwed*, 77 AD2d 298). Plaintiff specifies in his affidavit several incidents and transactions which support his assertion that he did not know of the wrongful withholding until December, 1978. Viewing the proof in the light most favorable to plaintiff and accepting the truth of his affidavits (*Patrolmen's Benevolent Assn. of City of N. Y. v City of New York*, 27 NY2d 410; *Cooper v Greyhound Bus Corp.*, 13 AD2d 173), we believe plaintiff has presented an issue of fact and that summary judgment was improper on this basis. Summary judgment was properly granted, however, on the basis of the general release contained in the separation agreement. Such a release cannot be limited or curtailed in the absence of fraud or mutual mistake and its meaning and coverage depend upon the controversy being settled and the purposes for which it was given (*Cahill v Regan*, 5 NY2d 292). The transfers which form the bases of this action for a constructive trust occurred just prior to the separation agreement, and the agreement specifically addresses the marital premises and the business. Therefore, the transfers were within the contemplation of the parties (cf. *Cahill v Regan, supra*). The broad and general language of the release necessarily encompasses this action for a constructive trust. (Appeal from order of Supreme Court, Erie County, Sedita, J. — summary judgment.) Present — Dillon, P. J., Simons, Callahan, Boomer and Moule, JJ.