■ Joseph Schirano, Respondent, v Caroline V. Paggioli, as Administratrix of the Estate of John E. Paggioli, Deceased, Appellant, et al., Defendant.

In an action to impress a constructive trust upon certain shares of stock, defendant Caroline V. Paggioli, as administratrix of the estate of John E. Paggioli, appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated October 13, 1982, which denied her motion for summary judgment in her favor. Order affirmed, without costs or disbursements. The decedent, John E. Paggioli, was married to plaintiff's daughter, Elizabeth Schirano Paggioli, and the two of them lived with plaintiff and his wife from 1952 until February, 1977. The amended verified complaint alleges that an oral trust agreement was created between plaintiff and the decedent in or about 1965, whereby plaintiff's interest in defendant Med-Law Realty Corp. would be placed in decedent's name and held in trust for the benefit of plaintiff. The stock at issue represented a 25% interest in the corporation, which had been formed by plaintiff and three other investors, not including the decedent, in relation to the construction of a medical building in Richmond County. The decedent was an attorney and was retained to perform all necessary legal services pertinent to the medical building. According to plaintiff's examination before trial, soon after the corporation was formed, in or about 1965, he asked the decedent to transfer the shares to him. The decedent allegedly told him that he would transfer the shares, but he failed to do so. This pattern repeated itself every two or three months over the next several years, with plaintiff requesting a transfer and the decedent assuring him that it would be done. In February, 1977, the decedent moved out of plaintiff's home and apparently became separated and then divorced from Elizabeth Schirano Paggioli. This action was commenced on or about July 1, 1977, with service of a summons. The former son-in-law, John E. Paggioli, died on March 4, 1980. His then wife, Caroline V. Paggioli, was appointed as personal representative of the estate. In her "VERIFIED AMENDED ANSWER TO AMENDED VERIFIED COMPLAINT", defendant Caroline V. Paggioli (hereinafter defendant) raises five affirmative defenses, including the Statute of Limitations and laches. By notice of motion dated August 10, 1982, defendant moved for summary judgment in her favor on the grounds that plaintiff's action was barred by the applicable Statute of Limitations and by laches. Special Term (Rubin, J.), in the order appealed from, denied the motion "in all respects". In its decision, Special Term explained its reasoning. The court opined that "[d]efendant is estopped from asserting the Statute of Limitations as a shield to the action [since] [i]t was decedent's promises to convey those shares to plaintiff, and upon which plaintiff had reason to rely, which forestalled his institution of an action". The decision does not mention the doctrine of laches. We affirm the order appealed from, but find that defendant's motion should be denied for different reasons than those espoused by Special Term. An action to impose a constructive trust is equitable in nature (*Sharp v Kosmalski,* 40 NY2d 119), and is governed by the six-year Statute of Limitations (CPLR 213, subd 1; *Augustine v Szwed,* 77 AD2d 298, 300 [Simons, J. P.]). The cause of action accrues, in circumstances such as apparently exist here, when there has been a breach or repudiation of the trust agreement (*Augustine v Szwed, supra,* p 301; *Bey Constr. Co. v Yablonski,* 76 AD2d 875; *Saldi v Saldi,* 32 Misc 2d 516 [Hopkins, J.]). Giving plaintiff the benefit of every favorable inference from the allegations contained in the record, we conclude that in this case there is a factual issue as to when the cause of action accrued and that, therefore, defendant is not entitled to summary judgment on her Statute of Limitations defense (*Walsh v Walsh,* 91 AD2d 1198). Specifically, the record does not unequivocally establish when the decedent first refused to transfer the shares or otherwise breached the alleged agreement. This question must await resolution upon the trial and the presentment of proof therein (see *Savage v Savage,* 63 AD2d 808; *Saldi v Saldi, supra*). While the order appealed from

simply denies defendant's motion for summary judgment and no more, Special Term's decision reveals that the court was of the view that the affirmative defenses alleging the Statute of Limitations should be struck because of estoppel. We disagree with this conclusion; however, because Special Term's order does not, in fact, strike those defenses, the order can be affirmed. It is, of course, true that "a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli,* 44 NY2d 442, 448-449). It is apparent that, while plaintiff has not alleged in his pleadings the existence of equitable estoppel, his examination before trial contains statements which, if true, could support such a claim (cf. *Immediate v St. John's Queens Hosp.,* 48 NY2d 671). However, as with the question of when the cause of action accrued, "the issue of whether defendant should be equitably estopped from asserting the Statute of Limitations as an affirmative defense to plaintiff's complaint is not a question of law, but rather a question of fact, which should be fully developed and determined upon the trial of the action" (*Century Fed. Sav. & Loan Assn. v Net Realty Holding Trust,* 87 AD2d 858; see *Schroder Bank & Trust Co. v South Ferry Bldg. Co.,* 88 AD2d 570, 572; *Erbe v Lincoln Rochester Trust Co.,* 13 AD2d 211, app dsmd 11 NY2d 754). A trial is needed in order to determine whether the decedent lulled the plaintiff into a false sense of security or whether the latter slept on his rights. Finally, we note that while the parties have not briefed on appeal the doctrine of laches and Special Term did not expressly address that doctrine's relation to equitable estoppel, it is apparent that were there to be a finding at trial that estoppel is applicable, then the defense of laches would be excluded. In such circumstances, it could hardly be said that plaintiff had inexcusably delayed in bringing this action. Thus, if for no other reason, the possible existence of estoppel precludes the granting of summary judgment on the basis of laches. Furthermore, even without the possibility of estoppel, whether or not laches is applicable in the circumstances of this case is a question for the trier of the facts (see *Augustine v Szwed,* 77 AD2d 298, 301-302, *supra*). Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.