■ GLORIA SITKOWSKI, Appellant, v HENRY PETZING, Respondent.—In an action, *inter alia,* to impress a constructive trust, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Cavanno, J.), entered August 23, 1988, which, *inter alia,* determined that her cause of action accrued on February 16, 1982, and (2) an order and judgment (one paper) of the same court, entered August 28, 1989, which, after a hearing, granted the defendant's motion to dismiss the complaint as time barred on the ground that the summons had not been properly served upon the defendant on February 13, 1988.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the order and judgment is reversed, on the law, the complaint is reinstated, and the motion to dismiss is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (CPLR 5501 [a] [1]).

The plaintiff alleges that she and the defendant were living together in her apartment with the intention of marrying. The parties entered into a contract to purchase a home in East Islip as tenants in common, for $60,000 ($20,000 in cash and a $40,000 purchase money mortgage). Prior to the closing, the parties allegedly agreed that only the defendant's name would appear on the deed and that the defendant would at a later date transfer to the plaintiff a one-half interest in the subject property. In reliance on this promise, the plaintiff allegedly borrowed approximately $20,000 to pay that part of the contract which required cash. The property was conveyed to the defendant on February 16, 1982. The plaintiff further alleges that the defendant repeatedly postponed signing a deed of conveyance to her. Finally, in the late summer of 1985, the defendant directed the plaintiff to leave the premises since he was its sole owner.

We find that the Supreme Court erred in dismissing the complaint, since a question of fact exists with respect to

whether the plaintiff's personal service of the summons and complaint on May 20, 1988, was timely. The equitable claim for the imposition of a constructive trust is governed by the six-year Statute of Limitations of CPLR 213 (1) *(see, Loengard v Santa Fe Indus.,* 70 NY2d 262, 267; *Scheuer v Scheuer,* 308 NY 447), which starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution *(see, Mattera v Mattera,* 125 AD2d 555, 556-557; *Kitchner v Kitchner,* 100 AD2d 954). A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition *(see, Augustine v Szwed,* 77 AD2d 298, 300-301; *Bey Constr. Co. v Yablonski,* 76 AD2d 875), or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property *(see, Augustine v Szwed, supra,* at 301). Here, the gravamen of the plaintiff's complaint is not that the constructive trustee acquired the property wrongfully, but rather, that the defendant breached the trust relationship at some later date. Accordingly, questions of fact exist as to (1) when the defendant allegedly breached the agreement by an identifiable, wrongful act demonstrating his refusal to convey a one-half interest in the property to the plaintiff, and (2) whether the plaintiff's claim was therefore time-barred when service of process was made on May 20, 1988 *(see, e.g., Bey Constr. Co. v Yablonski, supra; Schirano v Paggioli,* 99 AD2d 802, 803; *Dingeo v Santiago,* 87 AD2d 859). Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.