■ BLUE CROSS OF WESTERN NEW YORK, INC., Respondent-Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF ORLEANS-NIAGARA COUNTIES, Appellant-Respondent.—Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover fees allegedly owed by defendant under major medical, hospitalization and prescription drug insurance programs. Plaintiff asserts that the fees are owed pursuant to a Retrospective (experience) Rate rider, although the parties have been unable to produce an executed copy of the rider. Defendant moved for summary judgment on the grounds that the causes of action were time-barred and section 3204 (a) of the Insurance Law rendered the rider unenforceable. The IAS Court denied defendant's motion and, at the same time, granted plaintiff's cross motion to file an amended complaint and notice of claim.

The court properly denied defendant's motion for summary judgment. Generally, a cause of action on a contract accrues when the extent of damages can be ascertained *(Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283; *Carthage Cent. School Dist. No. 1 v Reddick & Sons,* 67 AD2d 808). Where there is a likelihood of setoffs and debits, a claim does not accrue *(Carthage Cent. School Dist. No. 1 v Reddick & Sons, supra; Wm. J. Schmitt, Inc. v Penfield Cent. School Dist.,* 54 AD2d 1100). The record establishes that defendant intended to pay some money to plaintiff under the insurance contracts, but disputed the amount owed, and hired a consultant to review plaintiff's claim. Under the circumstances, the court properly found that the issue of the date of accrual of the claim was a question of fact *(see, Schirano v Paggioli,* 99 AD2d 802; *Walsh v Walsh,* 91 AD2d 1198). A question of fact also exists regarding whether defendant should be estopped from asserting the statutory requirements of the notice of claim provisions based upon its conduct in lulling plaintiff into believing that the matter would be settled *(see, Cardinale v Genesee Val. Med. Care,* 94 AD2d 966).

We reject defendant's argument that section 3204 (a) (1) of the Insurance Law renders the rider unenforceable. That

section requires that every health insurance policy "contain the entire contract between the parties, and nothing shall be incorporated therein by reference to any writing, unless a copy thereof is endorsed upon or attached to the policy or contract when issued". The purpose of section 3204 (a) is to provide the insured with the opportunity to examine the entire contract (*Gozan v Mutual Life Ins. Co.*, 40 NY2d 707, *rearg denied* 41 NY2d 1009). Although plaintiff has not been able to provide the Retrospective Rate rider, the record reveals that the parties believed they were proceeding under the rider. Correspondence from defendant makes reference to the rider and it is not disputed that defendant derived significant financial benefits from the Retrospective Rate rider. Further discovery ordered by the IAS Court may shed some light on the existence of the rider. Defendant should not be allowed to take the benefit of the contract and then assert that there was no contract (*cf., Blatz v Travelers Ins. Co.*, 272 App Div 9).

Applications for leave to serve an amended complaint "shall be freely given" (CPLR 3025 [b]). Defendant has failed to show any prejudice either before the IAS Court or on appeal (*see, Town of Thompson v Alleva*, 76 AD2d 1022, *appeal dismissed* 53 NY2d 839). The court, therefore, did not abuse its discretion in granting plaintiff's motion. Finally, we reject plaintiff's argument in its cross appeal that it is entitled to partial summary judgment. Plaintiff did not seek partial summary judgment in its cross motion and we decline to reach the issue for the first time on appeal. (Appeal from Order of Supreme Court, Orleans County, Punch, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.