■ MARIC PIPING, INC., et al., Appellants, v RAJKO MARIC et al., Respondents. [705 NYS2d 684] —In an action, *inter alia,* for an accounting and to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Queens County (Durante, J.), entered June 4, 1999, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action and as barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

This action arises from a business relationship between the plaintiff Frank Maric and the defendant Rajko Maric, who are brothers. Frank and Rajko ran a company known as Maric Piping, Inc. (hereinafter MPI), and purchased numerous properties. When difficulties arose between the brothers, they dissolved MPI. Thereafter, there were disputes as to the ownership and distribution of some of the properties. Frank commenced this action seeking an accounting of the assets, and to impose a constructive trust on, *inter alia,* certain real property in East Lyme, Connecticut, purchased in 1981 by Rajko, allegedly on behalf of both brothers.

The Supreme Court dismissed the complaint on the ground that the cause of action to impose a constructive trust is time-barred, and the complaint otherwise failed to state a cause of action with respect to the causes of action to impose a constructive trust and for an accounting.

It is well settled that on a motion to dismiss a pleading for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all of the facts alleged therein to be true, and according the allegations the benefit of every possible favorable inference (*see, Leon v Martinez,* 84 NY2d 83, 87). The complaint states causes of action both for an accounting and the imposition of a constructive trust based on allegations of the existence of a joint

enterprise giving rise to a fiduciary duty that was allegedly breached by Rajko.

The Supreme Court also erred in dismissing the claim seeking to impose a constructive trust as barred by the Statute of Limitations. The equitable claim for the imposition of a constructive trust is governed by the six-year Statute of Limitations of CPLR 213 (1) (*see, Krauss v Iliescu,* 259 AD2d 468), which begins to run at the time of the wrongful conduct or event giving rise to a duty of restitution (*see, Dybowski v Dybowska,* 146 AD2d 604; *Kitchner v Kitchner,* 100 AD2d 954). As this Court explained in *Sitkowski v Petzing* (175 AD2d 801, 802): "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition (*see, Augustine v Szwed,* 77 AD2d 298, 300-301; *Bey Constr. Co. v Yablonski,* 76 AD2d 875), or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property (*see, Augustine v Szwed, supra,* at 301)".

In this case, the plaintiffs allege that Rajko breached a fiduciary duty by refusing to convey Frank's interest in the East Lyme property to him after its acquisition. Accordingly, there are questions of fact as to, *inter alia,* if and when Rajko allegedly breached any agreement by refusing to convey Frank's interest in the property (*see, Mardiros v Ghaly,* 206 AD2d 414; *Sitkowski v Petzing, supra*). Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.