OPINION OF THE COURT
Lee L. Holzman, J.
*907 This action to have a constructive trust imposed upon several parcels of realty and the proceeds from the sale of another parcel was transferred to this court by order of the Supreme Court, Bronx County. The applications to be decided, a motion by the defendant for an order dismissing the amended summons and complaint on the alternative grounds that it fails to state a cause of action or that the defendant is entitled to summary judgment and a cross motion by the plaintiff seeking permission to serve a second amended summons and complaint, were pending when the proceeding was transferred.
Notwithstanding that the plaintiff alleges in the amended complaint that she is the decedent’s surviving spouse, the administratrix of his estate and his sole distributee, she only requested relief in her individual capacity. The amended complaint contains the following allegations: that when it appeared that the plaintiff and the decedent were on the brink of divorce proceedings, her husband transferred his interest in five parcels of reed property to the defendant, his brother, without consideration and in an effort to defeat plaintiffs equitable distribution rights; that the defendant after the decedent’s death has refused to transfer the decedent’s interest in the properties to her; and, consequently, he has been unjustly enriched, entitling her to have a constructive trust imposed upon the four parcels of realty that are still held by the defendant and upon the proceeds from the sale of one parcel of realty.
The decedent died intestate on February 17, 2000. The plaintiff, the decedent’s spouse for more than 20 years, was appointed the administratrix of his estate. The record reflects that the marital home, located at 1185 Neill Avenue, Bronx, New York, was conveyed to the decedent and the defendant as tenants in common by their mother in July 1963. In July 1985, the decedent conveyed his interest in the property to the defendant, allegedly because the decedent believed a divorce proceeding was imminent. However, a divorce proceeding was never instituted and it appears that the decedent and the plaintiff continued to reside in the premises until his death. No documentary proof has been presented in these proceedings to establish either that the decedent or the plaintiff made any payments to the defendant for their occupancy of the marital premises after it had been transferred to the defendant. To the contrary, a writing purportedly signed by the decedent on January 9, 1990 could be considered as evidence establishing that he believed that he was still a beneficial owner of his marital abode *908 as of that date. In this note to the defendant, the decedent directed the defendant to turn over the marital house to the plaintiff if the decedent should die while he was hospitalized. Nevertheless, after the decedent’s death, the defendant sought to evict the plaintiff from the premises. The eviction proceeding was stayed by a Supreme Court order.
Aside from the marital abode, the plaintiff has been unable to demonstrate that the decedent ever had record title to any of the other four parcels of realty referred to in the complaint. The decedent’s mother, who postdeceased the decedent, was the sole owner of one of these properties at the time of her death. Consequently, it appears that the defendant, as her sole distributee, became the sole owner of this property by operation of law. In any event, the plaintiffs offer of proof in an attempt to establish that the decedent had an ownership interest in any of these properties is essentially limited to either, or both, that he had checks listing his name and the address of some of the properties and that he paid some of the expenses for some of the properties.
Inasmuch as the defendant’s motion can only be considered in the context of the pleadings before the court and the proof required to support the causes of action set forth therein, the plaintiff’s application for leave to serve a second amended complaint shall be addressed first. The requested second amendment to the complaint consists of 12 causes of action which the plaintiff has stated “narrows the entire case down to one fraudulent conveyance” for all of the properties at issue. It appears from the plaintiffs submissions that she seeks to change the theory from constructive trust to fraud because she is of the opinion that the fraudulent conveyance theory would not be barred by the statute of limitations since the statute of limitations would not bar the action until two years after she discovered the fraud or should have discovered it with reasonable diligence (CPLR 213 [8]). In any event, the plaintiff argues that her request to once again amend her complaint is really no more than an application to conform her pleadings to the proof that was adduced during discovery. The defendant contends that the plaintiffs request to amend her complaint for a second time has already been denied while the matter was pending in the Supreme Court and that there is no basis for this court to now grant this application.
CPLR 3025 (b) provides that applications for leave to amend pleadings “shall be freely given upon such terms as may be *909 just.” Nevertheless, this application has to be considered in light of the history of this case while it was still pending in the Supreme Court. Justice DeMarco, in an order entered on July 24, 2001, granted leave to the plaintiff to serve an amended summons and complaint within 45 days. The amended pleading was not served within the allotted time and the action was marked “dismissed” on March 21, 2002 as a result of the failure of any party to appear for a status conference. Thereafter, pursuant to an order of Justice Green entered on April 8, 2002, an application of plaintiff’s prior counsel to be relieved from representing her was granted. Plaintiff s new counsel then made an application to vacate her default and for leave to serve a second amended summons and complaint. Pursuant to an order of Justice Salerno entered on May 5, 2003, the plaintiffs motion to vacate her default was granted. However, Justice Salerno only permitted the plaintiff to serve the amended complaint previously authorized by Justice DeMarco rather than the second amended complaint which she now once again seeks leave to serve in the instant cross motion.
Considering the history of this litigation, including that it appears that significant disclosure has already been conducted and that Justice Salerno denied the plaintiffs prior application to expand the amended complaint from one cause of action relying upon a constructive trust theory to 12 causes of action relying on a fraudulent conveyance theory, it would not be appropriate, at this late date, for this court to grant leave to the plaintiff to serve the requested second amended complaint. However, the court concurs with the plaintiffs proposition that she should be allowed to address the statute of limitations issues raised by the defendant if she is able to do so without burdening the defendant with having to investigate and defend against allegations not contained in the amended complaint presently before the court. Where the defendant had notice of all of the allegations to be set forth in an amended pleading when he conducted his discovery, his objections to the amendment should not be sustained merely because the plaintiff might stand a better chance of prevailing under the proposed amendment.
As previously noted, the amended complaint now before the court already alleges that the plaintiff is the administratrix of the decedent’s estate and the sole distributee. The pleading also alleges that the realty at issue was transferred to the defendant by the decedent without any intent by either of them that the defendant was to have a beneficial interest in the properties. *910 Under these circumstances, it would not be unfairly prejudicial to the defendant to allow the plaintiff to serve an amended summons and complaint in which the plaintiff is suing the defendant not only in her individual capacity but also in her capacity as the administratrix of his estate. Consequently, the court shall deem the plaintiff’s motion to include a request for the alternative relief that she be granted leave to amend her summons and complaint for a second time solely by permitting her to seek the imposition of a constructive trust both individually and as the fiduciary and sole beneficiary of the decedent’s estate. Finally, the determination herein shall not be deemed to preclude any application that might be made at the trial to conform the pleadings to the proof.
The defendant contends that the complaint fails to state a cause of action or that he is entitled to summary judgment because the plaintiff has failed to either allege or offer proof with regard to the elements that must be established to impose a constructive trust. He asserts that one of the elements that the plaintiff has failed to either allege or prove is that there was a confidential relationship between him and her. He also alleges that the constructive trust theory must fail because the plaintiff never transferred any property to him and he never made any promises to her. Furthermore, he notes that the only property at issue that the decedent ever transferred to him was his interest in the marital abode in 1985. He asserts that any action for its recovery based upon a constructive theory is barred by the statute of limitations since it was not commenced within six years from the date of the transfer (CPLR 213 [1]). The plaintiffs opposition to the motion essentially rests on her allegations that all of the transfers to the defendant were a sham and that he would be unjustly enriched if he were allowed to retain the decedent’s interest in the property. She argues that the decedent’s use of these properties establish that he had a beneficial interest in them.
In a motion to dismiss a complaint for failure to state a cause of action the court’s focus is upon “whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). However, in a motion for summary judgment, where evidentiary material has been tendered by the movant, the motion may be granted where the movant has made a prima facie showing of entitlement to *911 judgment as a matter of law and the party opposing the motion has failed to tender evidentiary material showing that a triable issue of fact exists (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]; Guggenheimer v Ginzburg, supra; Phillips v Kantor & Co., 31 NY2d 307 [1972]; Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439 [1968]). Since summary judgment is a drastic remedy the party opposing the application is afforded every favorable inference and issues of credibility may not be determined on the motion (Westhill Exports v Pope, 12 NY2d 491 [1963]; Esteve v Abad, 271 App Div 725 [1947]).
The following four elements are usually required to apply the constructive trust doctrine: “(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment” (Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). However, each of these requirements are not rigidly applied where equity cries out for some relief. Thus, the required promise may be inferred where the totality of the transactions and the relations of the parties would render an express promise “superfluous” (Sinclair v Purdy, 235 NY 245, 254 [1923]). Unjust enrichment is the heart of the constructive trust doctrine. Judge Desmond in Latham v Father Divine (299 NY 22, 27 [1949]) noted that the applicability of the doctrine “is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them.”
Here, the complaint, if it is afforded the liberal construction to which it is entitled in a motion to dismiss, clearly alleges that the decedent’s real property was transferred to the defendant, his brother, a person with whom he had a confidential relationship, without consideration and with the understanding that the defendant would transfer the property to the beneficial owner upon request. Moreover, it alleges that the defendant would be unjustly enriched should he be permitted to keep the realty from the plaintiff who became entitled thereto upon her husband’s death. These allegations state a cause of action to impose a constructive trust. Consequently, the branch of the motion seeking to dismiss the complaint for failure to state a cause of action is denied.
In deciding the branch of the motion seeking summary judgment, the court expands its inquiry from the pleadings to also consider the evidence that has been submitted in admissible form. With the exception of the decedent’s marital residence, *912 the plaintiff has failed to adduce proof that the decedent ever had record title to any of the other properties referred to in the complaint. The defendant did not acquire title to one of these parcels until after the decedent’s death. Neither the fact that the decedent might have had checks which contained the addresses of some of the properties nor that he might have paid for some of the expenses for some of the properties establishes that he had an ownership interest in any of these properties. The cases where the party seeking the constructive trust parted with property on the basis of an oral promise are distinguished from the cases where the plaintiff, who never had an interest in the property before, relies upon a promise that the property will be given to him thereafter. In the latter instance, the unjust enrichment element is missing and the plaintiff cannot be the beneficiary of a constructive trust (see Sinclair v Purdy, supra at 253). Here, the plaintiff has offered no more than surmise or conjecture to show that the decedent ever had an interest in any of the real property at issue other than the marital abode. Aside from the marital home, the plaintiff has failed to establish any of the elements required for the imposition of a constructive trust, including that the defendant was unjustly enriched. Consequently, the defendant’s motion for summary judgment is granted with respect to all of the properties referred to in the complaint other than the marital residence.
There still remains the issue of whether the defendant is entitled to summary judgment with respect to the decedent’s marital abode. The defendant asserts that not only did he not have a confidential relationship with the plaintiff but also that they disliked each other. He also notes that he never made any express or implied promise to her and that, since she never had any interest in the realty, she never transferred the property to him based upon any promise. This argument ignores the fact that the amended complaint specifically alleges that the plaintiff is the administrator of the decedent’s estate and his sole distributee. Consequently, the allegations in the complaint suffice to place the plaintiff in the decedent’s shoes. The submissions herein raise issues of fact with respect to each of the following requirements for imposing a constructive trust: (1) whether there was a confidential relationship between the decedent and his brother, the defendant, (2) whether the defendant made an express or implied promise to the decedent to hold his interest in the marital residence for the decedent’s benefit, (3) whether the decedent transferred his interest in this *913 property based on the defendant’s promise, and (4) whether the defendant would be unjustly enriched if he was now allowed to renege on this promise and retain the decedent’s beneficial interest in the property.
Questions of fact arise on the above material issues for several reasons. The defendant has not established that he provided any consideration for the transfer of the property to him or presented any reason why the decedent would have made an outright gift to him at that time. The defendant also has not established that while the decedent was alive that the defendant acted as if he were the sole owner of the property. Specifically, he has not established that during this period he ever resided on the premises, collected rent from it or paid any of its expenses. The note from the decedent to the defendant while he was in the hospital in 1990 appears to indicate that the decedent believed that the defendant would transfer the property in accordance with the decedent’s directions. This note also states that the decedent wanted the plaintiff to receive the property in the event that he died at that time. Since the decedent died intestate, with the plaintiff as his sole distributee, the law presumes that he wanted her to receive all of his property (EPTL 4-1.1).
The court also finds that the defendant is not entitled to summary judgment because the action is barred by the statute of limitations. The time that the statute of limitations commences to run for the constructive trustee’s failure to honor his promise depends upon whether the constructive trustee wrongfully acquired the property or whether he acquired the property lawfully and thereafter repudiated his promise to transfer the property. In the former case, the statute runs from the date of acquisition while in the latter case the statute of limitations mns from the date the constructive trustee breaches or repudiates the obligation to transfer the property (Sitkowski v Petzing, 175 AD2d 801, 802 [1991], citing Augustine v Szwed, 77 AD2d 298, 300-301 [1980]). Here, notwithstanding that the defendant obtained sole record title to the decedent’s marital abode in 1985, it is alleged that he did not repudiate his promise until after the decedent’s death. Thus, there is at least a question of fact as to whether the statute did not start to run until after the decedent’s death when the defendant refused to transfer the decedent’s interest to the plaintiff, the administratrix of the decedent’s estate and his sole distributee.
For the reasons stated above, this decision constitutes the order of the court: (1) granting leave to the plaintiff to serve and *914 file a second amended summons and complaint in which she is the plaintiff in both her individual capacity and as the administratrix of the decedent’s estate and in which she requests that a constructive trust be imposed for her benefit either individually or as the administratrix of the decedent’s estate; (2) permitting such amended summons and complaint to be served and filed by December 30, 2005; (3) permitting the defendant to serve an answer to said amended complaint within 20 days of its service; (4) denying that branch of the defendant’s motion seeking to dismiss the complaint for failure to state a cause of action; (5) denying the defendant’s motion for summary judgment in his favor on the issue of whether he should be declared the constructive trustee of the premises at 1185 Neill Avenue, Bronx, New York, and granting his motion for summary judgment dismissing the complaint with regard to all of the other real property or the proceeds from the sale of real property referred to in the complaint; and (6) directing the parties to appear for a pretrial conference.