■ ANTHONY MORANDO, Respondent, v DONALD MORANDO, Appellant. [840 NYS2d 593]—

In an action to impose a constructive trust or equitable lien on certain real property and to recover damages for breach of contract, the defendant appeals (1) from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March

14, 2006, which denied his motion, inter alia, for summary judgment dismissing the complaint as time-barred and (2), as limited by his brief, from so much of an order of the same court dated April 28, 2006, as, upon reargument of that branch of the motion which was for summary judgment dismissing the complaint as time-barred, adhered to so much of the prior determination as denied that branch of the motion.

Ordered that the appeal from so much of the order dated March 14, 2006, as denied that branch of the motion which was for summary judgment dismissing the complaint as time-barred is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated April 28, 2006, made upon reargument; and it is further,

Ordered that the order dated March 14, 2006 is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated April 28, 2006 is modified, on the law, by deleting the provisions thereof which, upon reargument, adhered to so much of the original determination as denied those branches of the motion which were for summary judgment dismissing, as time-barred, the cause of action to impose a constructive trust or equitable lien and so much of the cause of action to recover damages for breach of contract as was premised on claims that accrued before January 1, 1996, and substituting therefor provisions, upon reargument, vacating so much of the order dated March 14, 2006, as denied those branches of the defendant's motion which were for summary judgment dismissing, as time-barred, the cause of action to impose a constructive trust or equitable lien and so much of the cause of action to recover damages for breach of contract as was premised on claims that accrued before January 1, 1996, and granting those branches of the motion; as so modified, the order dated April 28, 2006 is affirmed insofar as appealed from, without costs or disbursements.

The defendant purportedly took title to a one-half interest in two parcels of certain real property on Hollers Avenue in the Bronx (hereinafter the subject property) on September 26, 1984, when his father, now deceased, transferred those interests to him pursuant to two separate deeds of that date (hereinafter collectively the 1984 deeds). Simultaneously with these transfers, the defendant allegedly signed an agreement (hereinafter the 1984 agreement) pursuant to which, inter alia, the defendant agreed to bear the cost of repairs and improvements to make the subject property rentable or saleable and subsequently, to share equally with the father all the expenses and income

pertaining to the subject property. On May 18, 2001 the father died and on September 7, 2001 the father's will was admitted to probate and the plaintiff was issued letters testamentary. The plaintiff, as executor of the father's estate, commenced this action to impose a constructive trust or equitable lien on the subject property and to recover damages for breach of contract alleging that the defendant failed to perform his obligations under the 1984 agreement. The complaint seeks damages, inter alia, for the defendant's alleged breach of the 1984 agreement by failing to pay his share of the expenses to maintain or rent the subject property from September 26, 1984 to May 18, 2001, the date of the father's death.

A cause of action to impose a constructive trust or equitable lien is subject to a six-year limitations period (*see* CPLR 213 [1]; *Mazzone v Mazzone,* 269 AD2d 574, 574-575 [2000]) that "commences to run upon the occurrence of the wrongful act giving rise to a duty of restitution" (*Ponnambalam v Sivaprakasapillai,* 35 AD3d 571, 574 [2006] [citation and internal quotation marks omitted]; *see Boronow v Boronow,* 111 AD2d 735, 737 [1985], *affd* 71 NY2d 284 [1988]; *Kitchner v Kitchner,* 100 AD2d 954 [1984]). "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition (*see Augustine v Szwed,* 77 AD2d 298, 300-301; *Bey Constr. Co. v Yablonski,* 76 AD2d 875), or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property (*see Augustine v Szwed, supra* at 301)" (*Maric Piping v Maric,* 271 AD2d 507, 508 [2000] [internal quotation marks omitted]; *Sitkowski v Petzing,* 175 AD2d 801, 802 [1991]).

At bar, the wrongful act on which the cause of action to impose a constructive trust or equitable lien was predicated occurred in 1984 when the defendant allegedly breached the 1984 agreement by not having borne "the total cost of all repairs, improvements and maintinance [*sic*] to make this [subject] property rentable or saleable." Thus, the defendant made out a prima facie case that the cause of action predicated on this alleged wrongful act was time-barred because the transfer at issue and the alleged breach occurred in 1984. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the wrongful act occurred, for statute of limitations purposes, in 2002 when the 1984 deeds were recorded is without merit.

However, in response to the defendant's prima facie showing that the cause of action to recover damages for breach of contract was similarly time-barred, the plaintiff raised a triable issue of fact. The plaintiff alleged that the defendant failed to disclose the 1984 deeds and misrepresented his interest in the subject property to the plaintiff during a guardianship proceeding in 1996, when the plaintiff became the guardian of the father's person and property. Consequently, the plaintiff, as the guardian, paid all the taxes and other expenses pertaining to the subject property, notwithstanding the 1984 agreement which required, inter alia, that the defendant pay one-half of those expenses.

The plaintiff averred in an affidavit that the defendant did not reveal the existence of the 1984 deeds to him until April 5, 2002 (11 months after the father died), and did not record them until September 5, 2002. On April 23, 2003 the plaintiff filed a petition in the Surrogate's Court (hereinafter the Surrogate's proceeding) raising, inter alia, the same issues regarding the subject property as are raised in the instant action. However, the Surrogate's Court did not retain subject matter jurisdiction over the subject property because, pursuant to a stipulation of settlement dated July 14, 2005, between the father's estate and the parties' sister, the estate's one-half interest therein was to be transferred to the sister. On September 14, 2005 the plaintiff commenced the instant action.

Allegations of deceptive conduct may constitute a basis to equitably estop a defendant from raising the statute of limitations as a defense (see Zumpano v Quinn, 6 NY3d 666, 675 [2006]; Williams v Feig, 34 AD3d 460 [2006]; Javaheri v Old Cedar Dev. Corp., 22 AD3d 804, 805 [2005]). At bar, the plaintiff raised a triable issue of fact as to whether the defendant misrepresented his interest in the subject property and failed to disclose the 1984 deeds during the guardianship proceeding in 1996, and thus, should be estopped from raising the bar of the statute of limitations. Thus, to the extent that the cause of action to recover damages for breach of contract pertains to claims predicated on the defendant's alleged breach of the 1984 agreement in failing to pay his share of the expenses to maintain or rent the subject property for the period from January 1, 1996 to May 18, 2001, the Supreme Court correctly denied that branch of the defendant's motion which was for summary judgment dismissing those claims as time-barred. However, the Supreme Court should have dismissed as time-barred so much of the cause of action to recover damages for breach of contract as was premised on claims that accrued before January 1, 1996, since

the plaintiff failed to raise a triable issue of fact as to whether the father, who signed the 1984 deeds, was unaware of the transfer. Accordingly, any claims that accrued before the plaintiff became the father's guardian in 1996 are time-barred by the six-year limitations period prescribed by CPLR 213 (2).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.