■ In the Matter of the Claim of ERNESTO J. CRUZ, Respondent. AMSTERDAM NURSING HOME CORP., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 14, 1980, which affirmed a decision of an Administrative Law Judge overruling an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct. At issue on this appeal by claimant's employer is whether the board gave a proper construction to subdivision 4 of section 162 of the Labor Law in deciding claimant was not guilty of misconduct that would disqualify him from receiving unemployment insurance benefits. The enactment specifies, in part, that: "Every person employed for a period or shift of more than six hours starting between the hours of one o'clock in the afternoon and six o'clock in the morning, shall be allowed at least * * * forty-five

minutes for a meal period when employed in * * * a mercantile or other establishment" (Labor Law, § 162, subd 4). Claimant worked for a nursing home as an assistant engineer on a shift commencing at 11:30 P.M. and ending at 7:30 A.M. Since it was necessary to have an engineer on the premises at all times, and since claimant worked alone on his shift, the employer required that he remain in the building during all meals and coffee breaks. Although the board found that claimant was discharged for leaving the premises to take a meal break in violation of this policy following a warning for similar conduct, it determined that his actions did not constitute misconduct because, under its interpretation of the foregoing statute, the employer's rule was invalid. We disagree. The facts surrounding claimant's termination were, for the most part, uncontested and the board's decision plainly reveals that, but for its invalidation of the employer's meal policy, his behavior would have been treated as disqualifying misconduct (see Labor Law, § 593, subd 3; *Matter of Overt [Levine]*, 50 AD2d 659; *Matter of Booras [Levine]*, 50 AD2d 627). In reviewing the narrow issue thus presented, it should be noted that the statute regarded by the board as determinative of this matter is not contained in the article governing unemployment insurance. Accordingly, we are not faced with a situation involving quasi-legislative functions appropriately committed to the expertise of an administrative body (cf. *Matter of Fisher [Levine]*, 36 NY2d 146); we are dealing instead with the purely legal question of ascertaining legislative intent (cf. *Matter of Van Teslaar [Levine]*, 35 NY2d 311). The quoted provision was clearly designed to insure that employees would receive an opportunity to consume food whenever their schedules called for more than six hours of work. While that opportunity was coupled with a limitation in this case, no legislative history has been called to our attention indicating that the situs of the meal was of any particular concern. Moreover, it was undisputed that claimant was compensated at time and a half for remaining at his post during his 45-minute meal break. Responsible for monitoring the building's fire detection equipment, it was entirely reasonable for the employer to insist upon his availability should an emergency arise. Even if we were to assume that no restriction whatever could be imposed by an employer on the exercise of a worker's meal break, we discern nothing in the statute which precludes a waiver of its benefit by an employee. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.