OPINION OF THE COURT
Stephen Smyk, J.
In this CPLR article 78 proceeding, petitioners, who are employees of the City of Binghamton Police Department, seek a judgment reversing and annulling the establishment by respondent, the Chief of Police, of permanent tours of duty for officers of the Department’s patrol division. Permanent tours of duty (nonrotating shift schedules) were established commencing on January 1, 1984, as a result of an agreement reached after collective bargaining between the City of Binghamton and respondent the Binghamton Police Benevolent Association, Inc. (Binghamton PBA), which is the collective bargaining representative of the employees of the Department.
*264 Petitioners contend that the establishment of permanent tours of duty violates section 2 of chapter 360 of the Laws of 1911 despite the fact that their bargaining representative agreed to the change to nonrotating shifts. In pertinent part, section 2 provides that “tours of duty of sergeants, roundsmen, patrolmen, (not including detective sergeants) on duty in the open air, on the streets or other public places of a city of the first class or a city of the second class shall be changed at least once in each calendar month.” Respondents argue that this statute does not prohibit the establishment of permanent tours of duty either because it was implicitly repealed by subdivision 2 of section 204 of the Civil Service Law, or because it prohibits only the unilateral, or unbargained for, imposition of permanent tours by the employer.
Although it appears that no court has examined the applicability or continuing validity of section 2 of chapter 360 of the Laws of 1911, at least one court has held that section 1 of chapter 360 dealing with the length of tours of duty does not prohibit overtime hours that have been bargained for and agreed upon by the police officers as a result of the collective bargaining process. (See Spring Val. PBA v Village of Spring Val., 80 AD2d 910, 911.) This holding implies that the legislative purpose of chapter 360 is to prohibit only the unilateral imposition of certain terms and conditions of employment, and it recognizes a reasonable accommodation between chapter 360 and section 204 of the Civil Service Law.
Here, the apparent purpose of the statute is to confer a benefit on police officers by rotating the tours of duty and by more fairly distributing the workload. Presumably there is also a public interest implicated in the statute because chapter 360 generally seeks to promote the health and efficiency of the police officers. (See title of L 1911, ch 360.) Where, as here, there is no express indication of legislative intent, the waiver or modification of such a statutory benefit by the affected employees is permissible to the extent that it can be ascertained that the legislative purpose is not contravened. (Matter of American Broadcasting Cos. v Roberts, 61 NY2d 244.)
*265 Applying this principle to the issue presented by petitioners, the court finds that the employees of the Binghamton Police Department clearly agreed to waive the requirement of rotating shifts imposed by section 2 of chapter 360 through their collective bargaining agent. The legislative purpose expressed throughout chapter 360 is to assure that police officers would not have unhealthy or inefficient terms and conditions of employment unilaterally imposed upon them by their employers. This purpose clearly is not compromised by the agreement between the City of Binghamton and the Binghamton PBA or by the resulting establishment of permanent tours of duty.
Accordingly, the court finds no merit to petitioners’ contentions and dismisses the petition, without costs.