■ Yu-Shih Chen, Appellant, v Clifton R. Wharton, Jr., as Chancellor of the State University of New York, Respondent.—Weiss, J. Appeals (1) from an order and judgment of the Supreme Court at Special Term (Cholakis, J.), entered September 11, 1984 in Albany County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered December 19, 1984 in Albany County, which denied plaintiff's motion for leave to renew or reargue said motion.

Plaintiff was employed as a professor at the State University of New York at Albany (SUNYA) from September 1978 until February 28, 1983, during which period she served as a director of the Chinese studies program. On July 24, 1981, she received notice from SUNYA President Vincent O'Leary that

her term appointment would not be renewed after August 31, 1982. In response, plaintiff initiated grievance procedures pursuant to the collective bargaining agreement between the State of New York and her union, the United University Professions (UUP). After denial on the first three steps of the grievance procedure and prior to arbitration, plaintiff, UUP and SUNYA entered into a settlement agreement on October 19, 1982. Pursuant to the agreement, SUNYA agreed to rescind the notice of nonrenewal and to "institute a review for renewal of grievant's appointment and for tenure". A three-member committee was established and authorized to make a recommendation to defendant regarding renewal and tenure. Upon receiving the committee's recommendation, defendant was charged with the ultimate determination of plaintiff's right to renewal and tenure. His decision was to be "final and binding" and not appealable in any forum, including the Division of Human Rights or any State or Federal court.

On May 6, 1983, the committee issued a recommendation not to renew plaintiff's contract. According to Donald O'Dowd, plaintiff's nominee and chairman of the committee, the committee review demonstrated that plaintiff had "severe inter-personal relations problem[s]" with her colleagues and was unable to properly administer the Chinese studies program. Upon receiving that recommendation, defendant advised plaintiff by letter dated June 13, 1983 that continuing appointment (tenure) would not be granted. Thereafter, plaintiff commenced the instant action, sounding in contract, premised on the contention that defendant failed to honor the terms of the settlement agreement. After joinder of issue, defendant moved for summary judgment dismissing the complaint. Plaintiff cross-moved for similar relief in her favor and for leave to serve a second amended complaint. Special Term, finding that plaintiff was bound by the terms of the settlement agreement, granted defendant's motion and denied plaintiff's cross motion. Plaintiff has appealed from this determination and from a subsequent order denying her motion to renew and reargue.

Initially, we note that plaintiff has acknowledged that a teacher may waive valid rights in settling a grievance, provided the waiver is knowingly and freely made without coercion and results in a desired benefit in return for the waiver (*see, Matter of Feinerman v Board of Coop. Educ. Servs.* 48 NY2d 491, 496-497; *Matter of Abramovich v Board of Educ.,* 46 NY2d 450, *cert denied* 444 US 845; *see also, Matter of American Broadcasting Cos. v Roberts,* 61 NY2d 244, 249-250).

The waiver may even extend to a grievant's constitutional right to procedural due process (*cf. Matter of Miller v Coughlin,* 59 NY2d 490; *Matter of Abramovich v Board of Educ., supra*). Here, plaintiff does not allege that the settlement agreement was the product of coercion or duress. Indeed, the record confirms that the settlement resulted from extensive negotiations during which plaintiff was assisted by both counsel and her union representative. These circumstances prevailing, the agreement is clearly enforceable at law (*supra*).

Nonetheless, plaintiff urges that Special Term erred in granting summary judgment since defendant failed to (1) review her tenure status, with the concomitant disregard to the standard tenure criteria set forth in the policies of the Board of Trustees (art XII, tit B, § 2), and (2) conduct the entire review de novo as required by the agreement. We disagree and, for the reasons hereinafter set forth, affirm Special Term's orders and judgment.

As to tenure review, plaintiff maintains that the committee's recommendation related solely to the issue of renewal of her term appointment and not to the separate question of tenure, as contemplated by the agreement. In so doing, plaintiff contends that the committee improperly focused on her administrative abilities and personal relations, instead of the established academic criteria for tenure review. We disagree. As Special Term aptly observed, the committee's recommendation not to renew plaintiff's appointment directly implied that tenure or continuing appointment would not be forthcoming. O'Dowd confirmed this interpretation in his affidavit supporting defendant's motion for summary judgment. This construction is consistent with the principles of term renewal established by the policies of the Board of Trustees that a positive recommendation for renewal indicates progress toward permanent employment, whereas a negative recommendation does not. Moreover, defendant's supporting affidavit indicates that he independently reviewed the materials and recommendation of the committee and concluded that plaintiff "should not be granted *tenure*" (emphasis supplied). Nor is there any merit to plaintiff's assertion that defendant failed to employ the proper standards for tenure review. Beyond the fact that great deference must be accorded to defendant's tenure decisions (*see, New York Inst. of Technology v State Div. of Human Rights,* 40 NY2d 316, 325), the record confirms that defendant "completely scrutinized" all the materials pertinent to plaintiff's application (*see,* 8 NYCRR 335.3).

With respect to plaintiff's argument concerning de novo

review, plaintiff contends in her opposing affidavits that, shortly after receiving defendant's final determination, she met with O'Dowd, who allegedly stated that the committee did not review her tenure status, but merely reviewed the procedural aspects of the July 24, 1981 nonrenewal determination of President O'Leary. By its terms, the settlement agreement clearly rescinded that earlier determination and obligated the committee to consider anew plaintiff's renewal and tenure application. The affidavits of both defendant and O'Dowd expressly state that full de novo review was accorded plaintiff's application. The record confirms that while the committee may have reviewed the procedural aspects of President O'Leary's initial determination, it was done only to the extent that plaintiff interjected those issues into the review process.

The issue thus narrows to whether O'Dowd's alleged statement to plaintiff that the committee failed to properly review her status was sufficient to preclude summary judgment in defendant's favor. Through his own supporting affidavit and that of O'Dowd, defendant readily established an evidentiary basis sufficient to entitle him to judgment as a matter of law. It then became incumbent upon plaintiff to come forward with proof in evidentiary form to establish the existence of a genuine triable issue of fact, or demonstrate an acceptable excuse for her failure to do so (see, *Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). The alleged O'Dowd statement was clearly hearsay, and aside from plaintiff's own affidavit, the record is devoid of any indication that O'Dowd made such a statement. O'Dowd's own supporting affidavit directly controverts the allegations. Moreover, by letter dated August 12, 1983, O'Dowd advised plaintiff that she misunderstood his explanation of the review performed by both the committee and defendant. Given this response and the fact that plaintiff herself cross-moved for summary judgment, we conclude that she failed to meet her burden of tendering proof in admissible form (*cf. Friends of Animals v Associated Fur Mfrs., supra,* pp 1067-1068). Accordingly, Special Term properly granted summary judgment to defendant.

Finally, since plaintiff essentially tendered the same argument on her motion to renew and reargue as in her original cross motion for summary judgment, Special Term properly denied plaintiff's motion for leave to renew or reargue the prior motion.

Orders and judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.