■ In the Matter of ROBERT W. COOKE et al., Appellants, v

Board of Education of the Lawrence School District, Respondent

Pursuant to a notice issued by the respondent school district offering eligible teachers in the district a sum of money as a retirement incentive, the petitioners submitted their resignations. The incentive offered the sum of $18,000 on the condition that 24 teachers retire by the deadline and a sum of $20,000 if 29 or more teachers retired.

The petitioners were thereafter notified that an insufficient number of teachers had submitted their resignations and that the incentive offer was therefore being withdrawn. The respondent subsequently entered into an agreement with one teacher, who was tenured and against whom disciplinary charges had been preferred, in settlement of the charges. The agreement provided for the withdrawal of the disciplinary charges and the payment by the respondent to the teacher of $20,000 in exchange for her immediate resignation without a hearing. The petitioners then instituted this action claiming that the respondent's awarding of $20,000 to one teacher while denying it to them denied them their constitutional right to equal protection of the laws.

The test for determining whether there has been a denial of equal protection is whether the challenged classification rests on grounds wholly irrelevant to the achievement of a valid State objective (Turner v Fouche, 396 US 346). An agency of the State denies equal protection when it treats persons similarly situated differently under the law (see, Royster Guano Co. v Virginia, 253 US 412). Controversies involving compensation are also subject to review under the guarantee of equal protection of the laws (Matter of Abrams v Bronstein, 33 NY2d 488).

We agree that the petitioners were not denied equal protection since the teacher who received compensation pursuant to an agreement with the respondent was the subject of disciplinary charges while they were not. In the instant case, the need to remove an incompetent teacher from the school

system provided a rational basis for the difference in treatment *(see, Matter of Abrams v Bronstein, supra)*.

Nor was the agreement which was entered into between the respondent and the teacher against whom disciplinary charges were preferred an illegal attempt to circumvent the legislative mandate of Education Law § 3020-a. It has been held that a tenured teacher may, as part of a stipulation in settlement of a disciplinary proceeding brought against him, waive his continued right to the protections afforded by section 3020-a where there were careful and counseled negotiations between the parties and no claim of duress on the part of the board of education *(Matter of Abramovich v Board of Educ.,* 46 NY2d 450, *cert denied* 444 US 845; *Yu-Shih Chen v Wharton,* 112 AD2d 636, *lv denied* 66 NY2d 602). Such agreements conform to the public policy favoring the nonjudicial resolution of legal claims *(Matter of Abramovich v Board of Educ., supra; Matter of Cedar v Commissioner of Educ. of State of N. Y.,* 30 AD2d 882, *lv denied* 22 NY2d 646).

The petitioners' contention that the payment made to the teacher in question constituted an illegal gift of public moneys is similarly without merit. The $20,000 settlement was not the payment of a salary for services which were not rendered *(Matter of Cedar v Commissioner of Educ. of State of N. Y., supra; cf., Matter of Boyd v Collins,* 11 NY2d 228). The school board had the right to negotiate the settlement of a potential claim in order to avoid expensive, time-consuming and uncertain litigation and payment in settlement of such a claim constituted a legitimate school purpose *(Matter of Cedar v Commissioner of Educ. of State of N. Y., supra)*.

In light of the foregoing, we do not reach the additional arguments raised by the respondent in support of affirmance of the judgment. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.