*168
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 The only argument preserved for our review in these cross-appeals is whether the holding in
 
 Matter of Monarch Elec. Contr. Corp. v Roberts
 
 (70 NY2d 91) applies to construction projects jointly funded by the State and Federal governments under the Federal-Aid Highway Act (23 USC § 101
 
 et seq.
 
 [FAHA]).
 

 In
 
 Monarch
 
 we reviewed the history and interpretation of Labor Law § 220 and held that it requires the classification of all employees on State-funded public work projects as either journeymen or apprentices and that to qualify as an apprentice under the statute an employee must be individually registered in a skills training program approved by the State Department of Labor. Trainees registered in programs of the United States Department of Labor may not be substituted by contractors and paid wages less than journey-level workers (Labor Law § 220 [3-e]).
 

 The Commissioner’s ruling in this case was consistent with that decision but the Appellate Division annulled it because this project was jointly funded under the FAHA. We conclude, however, that Labor Law § 220, as interpreted in
 
 Monarch,
 
 applies not only to State-funded projects but also to jointly funded projects and is not preempted by Federal law.
 

 Section 220 unambiguously authorizes only two categories of employees, journeymen and apprentices. The statute makes no provision for a third category and nothing can be read into it to authorize employment of United States Department of
 
 *169
 
 Labor trainees on Federally funded projects. Nor can our decision in
 
 Monarch
 
 be construed to authorize the use of Federal trainees because it was not premised on funding. The source of moneys paid for the improvement affected neither the classification of employees, the corresponding wages required, nor any other policy identified by the statute or its legislative history.
 

 Petitioner also contends that the statute is preempted by the Federal regulations on the subject since it conflicts with 23 CFR 230.107 (b) to such a degree that it stands as an obstacle to the accomplishment of the full purposes and objectives of the statute
 
 (see, Hillsborough County v Automated Med. Labs.,
 
 471 US 707, 712-714). However, courts are reluctant to infer preemption from the comprehensive nature of Federal regulations in the absence of an express indication by Congress of an intent to do so
 
 (see, Hillsborough County v Automated Med. Labs., supra,
 
 at 717-718). This is particularly true as pertains to a regulation that does not specifically address the issue
 
 (see, Siuslaw Concrete Constr. Co. v State of Washington, Dept. of Transp.,
 
 784 F2d 952, 957 [9th Cir 1986]). Petitioner, noting the policy of FAHA is to "fully utilize” all available training and skill improvement opportunities for women and minority workers (23 CFR 230.107 [b]), contends that this policy is frustrated if the State may prevent contractors from using Federally trained employees. We disagree and find that petitioner’s interpretation of the "full utilization” policy is inconsistent with the statutory scheme.
 

 Neither the statute nor its implementing regulations require States to use trainees enrolled in programs administered by the United States Department of Labor. Indeed, 23 USC § 114 (a) provides that "construction work and labor in each State shall be performed under the direct supervision of the State highway department and in
 
 accordance with the law of that State
 
 and applicable Federal laws” (emphasis added). The regulations provide that States are permitted to establish trainee programs, determine which Federal subsidized construction contracts shall include trainees and fix the number of trainees used on any particular project (23 CFR 230.111 [a]). The regulations also set forth criteria States shall consider when selecting trainee programs (23 CFR 230.111 [d]) and the Federal agency monitors projects to ensure that States comply with the FAHA affirmative action training goals and policies (23 CFR 230.111 [b]). Apart from these limitations, States have broad latitude to select from alternative trainee programs as
 
 *170
 
 long as they conform with the prevailing goals and restrictions set by the Commissioner (see, 23 CFR 230.111;
 
 Siuslaw Concrete Constr. Co. v State of Washington, Dept. of Transp., supra
 
 [rejecting arguments that 23 CFR 230.111 (d) and (e) (1) limit the State agency’s approval authority with respect to trainee programs]). Thus, the "full utilization” policy declaration (23 CFR 230.107 [b]) neither mandates that States use Federally trained workers nor constitutes a limitation upon the range of programs a State uses provided the State achieves its affirmative action training goal.
 

 Petitioner also asserts that section 220 conflicts with the prevailing wage rate requirements of the Davis-Bacon Act (Act) (40 USC § 276a). Specifically, it claims that section 220 interferes with the FAHA’s exemption for Federal trainees from the requirements of the Act (23 USC § 113 [c]). That Act was intended to benefit employees by prescribing a minimum rate of wages on Government-subsidized projects
 
 (see generally, United States v Binghamton Constr. Co.,
 
 347 US 171). It does not prohibit States from providing mínimums on Federally funded projects that exceed the minimum wage prescribed by Federal law
 
 (see, Siuslaw Concrete Constr. Co. v State of Washington, Dept. of Transp., supra; see also, Matter of Green Is. Constr. Co. v Roberts,
 
 139 AD2d 907, 908). In any event, section 220 does not interfere with or obstruct the requirements of the Davis-Bacon Act or the FAHA exemption for trainees from that Act because it does not purport to raise the minimum wage paid to Federal trainees. It merely requires that State-registered trainees be hired instead of Federal trainees, thus determining that for State-subsidized projects New York’s participation in FAHA and its skills training obligations will be fulfilled by use of trainees registered under New York law. Petitioner was required to pay the three workers registered in Federal training programs journey-level wages because under section 220 they are not recognized as training level workers. Furthermore, it is irrelevant that section 220 may dissuade contractors from hiring Federal trainees on Federally funded projects, as petitioner contends, because contractors are not even permitted to use these workers in a trainee capacity under statute.
 

 Accordingly, section 220 is not in conflict with or preempted by Federal law.
 

 Finally, there «is substantial evidence in the record to support the Commissioner’s determination that petitioner will
 
 *171
 
 fully violated section 220 because it adhered to its own policy of hiring Federal trainees paid less than journey-level wages after it was expressly notified that it was not conforming to the Department’s policy
 
 (see, Matter of Hull-Hazard, Inc. v Roberts,
 
 74 NY2d 710;
 
 Matter of Roze Assocs. v Department of Labor,
 
 143 AD2d 510).
 

 Accordingly, the order of the Appellate Division should be modified, with costs to respondent-appellant Commissioner, by reinstating the determination of the Commissioner of Labor insofar as it concluded that petitioner willfully violated Labor Law article 8 by underpaying prevailing wages and supplements to the three individuals it classified as "trainees”, and, as so modified, affirmed.
 

 Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Kaye taking no part.
 

 Order modified, with costs to respondent-appellant Commissioner of Labor, in accordance with the opinion herein and, as so modified, affirmed.