In the Matter of CAPITAL NEWSPAPERS DIVISION—THE HEARST CORPORATION, Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor, et al., Respondents.

Third Department, June 13, 1991

APPEARANCES OF COUNSEL

*Bond, Schoeneck & King (Richard C. Heffern* of counsel), for petitioner.

*Robert Abrams, Attorney-General (James M. Williams* and *Jane Lauer Barker* of counsel), for Thomas F. Hartnett, respondent.

*Michael J. Lansing* for Albany Printing Pressmen, Assistants and Offset Workers Union No. Twenty-three of the Graphic Communications International Union (AFL-CIO), respondent.

## OPINION OF THE COURT

Weiss, J.

Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Industrial Board of Appeals which found petitioner guilty of violating Labor Law § 162.

One hour can mean different things to different people depending upon the relative position or combination of circumstances at a given moment. To the pressmen* who work for petitioner and to respondent Commissioner of Labor and the Industrial Board of Appeals, a meal period taken one hour earlier than usual threatened the health and safety of the pressmen who worked the night shift. Because of a unilateral change by petitioner which advanced the meal period, petitioner was held to have violated Labor Law § 162 (4). The issue was triggered by a change in the unpaid 30-minute meal period taken by the pressmen who work on the 7¼-hour night shift at one of petitioner's plants.

The facts are that historically the pressmen ate lunch during a "window period" taken at any point between 2½ and 5 hours after the night shift began. Commencing with the 1984 collective bargaining agreement, petitioner agreed to permit all of the pressmen to eat lunch at the same time. In 1987, anticipating that it would discontinue publication of one of its newspapers and the evening edition of another, petitioner made changes in the operation of the printing presses

---

* Respondent Albany Printing Pressmen, Assistants and Offset Workers Union No. 23 of the Graphic Communications International Union (AFL-CIO), referred to herein as the Pressmen's Union, represents the 28 pressmen employed by petitioner.

and concomitant scheduling and work assignments. Petitioner determined that the changes required that the window period for meals be advanced one hour, so as to be taken 1½ to 5 hours after work on the night shift commenced. This proposal was included in petitioner's negotiations with the Pressmen's Union for a new collective bargaining agreement for the 1987 to 1990 contract in exchange for petitioner's agreement to continue permitting pressmen to eat together and by payment of a one-time $150 bonus to each pressman.

When publication of one of the newspapers was discontinued on April 15, 1988, petitioner implemented the advanced meal window period, notwithstanding the fact that a new collective bargaining agreement had not yet been signed. On October 21, 1988, the Pressmen's Union filed a complaint with Department of Labor (hereinafter DOL) alleging that petitioner's meal period practice violated Labor Law § 162 (4). Although petitioner gave the Pressmen's Union a letter containing a "reopener" provision in the event DOL sustained the violation, the Pressmen's Union refused to sign the new collective bargaining agreement. Instead, it filed an unfair labor practice charge alleging that petitioner refused to bargain with the National Labor Relations Board, which investigated but did not issue a complaint. Ultimately, after Federal mediation, an agreement was signed by petitioner on May 5, 1989 and by the Pressmen's Union on May 11, 1989. After holding hearings in the matter, the Board of Appeals issued its decision on July 12, 1990 upholding the notice of violation. This CPLR article 78 proceeding was commenced seeking judicial review of the determination. Supreme Court granted the application by the Pressmen's Union to intervene and then transferred the proceeding to this court.

Labor Law § 162 (4) provides, in pertinent part, that persons employed on a shift of six hours or more between the hours of 1:00 P.M. and 6:00 A.M. shall be allowed a meal period *at a time midway between the beginning and end of such employment.* The Board of Appeals rejected petitioner's argument that the statutory requirement that the meal period be midway into the shift had been waived and instead held that the "1½-5 hour meal period window is prohibited on the basis that such a waiver or modification would undermine the purpose of the statute". The Board of Appeals further stated that "we find and hold that the meal period policy presented herein goes beyond reason and violates the spirit and intent of the statute".

Guidance toward resolution of the issues may be found in *Matter of American Broadcasting Cos. v Roberts* (61 NY2d 244). Although that case dealt with subdivision (3) of Labor Law § 162 and the instant case involves subdivision (4), we find *Matter of American Broadcasting Cos.* applicable. Contrary to the understanding of the Board of Appeals as expressed in the instant case, the Court of Appeals "perceive[d] no overriding public policy that prevents waiver or modification of the precise statutory terms so long as the legislative purpose is not undermined" *(Matter of American Broadcasting Cos. v Roberts, supra,* at 247). The court also noted that "the statute contains no express prohibition against waiver" *(supra,* at 250).

We next consider the concern expressed by the Board of Appeals that the meal period policy presented went beyond reason and violated the spirit and intent of the statute. Again, appropriate response may be found in *Matter of American Broadcasting Cos.* The purpose of the statute is clearly to confer a benefit upon individual workers and the Legislature has determined that persons who work the designated hours must, for their own health and welfare, be given adequate opportunity to eat and rest *(supra,* at 248; *see, Matter of Cruz [Amsterdam Nursing Home Corp.—Ross],* 79 AD2d 1081, 1082, *affd* 55 NY2d 918; *Matter of Follett v Sejan,* 123 Misc 2d 263). Notwithstanding these acknowledged purposes, the fact that a public interest may be present does not ipso facto erect an inviolable shield to any waiver of the statutory provisions *(Matter of American Broadcasting Cos. v Roberts, supra,* at 249; *see also, Faillace v Port Auth.,* 130 AD2d 34, *lv denied* 70 NY2d 613).

Precedent for this axiom is found in earlier decisions of the Court of Appeals. In *Matter of Abramovich v Board of Educ.* (46 NY2d 450, *cert denied* 444 US 845), the Court of Appeals held that a tenured teacher could waive procedural due process rights secured by Education Law § 3020-a with reference to disciplinary proceedings. The court stated that the strong public policy of the statute was not undermined, however, where the waiver of statutory benefit was "freely, knowingly and openly arrived at, without taint of coercion or duress" *(supra,* at 455; *see, Montiel v Kiley,* 147 AD2d 402; *Yu-Shih Chen v Wharton,* 112 AD2d 636, *lv denied* 66 NY2d 602). In *Matter of Feinerman v Board of Coop. Educ. Servs.* (48 NY2d 491), the Court of Appeals held that a prospective teacher could waive her expectation and relinquish her right to ap-

pointment to a three-year probationary term provided that the waiver was knowingly and freely made without coercive influences so long as the statute, in that case Education Law § 3014, itself did not contain a provision precluding waiver. Finally, in *Matter of American Broadcasting Cos. v Roberts (supra),* the Court of Appeals recognized that waivers which were otherwise permissible could be effected by the employees' exclusive bargaining agent through the collective bargaining process *(supra,* at 250; *see, Matter of Board of Educ. v Nyquist,* 48 NY2d 97).

Since Labor Law § 162 (4) does not preclude waivers, the issue then distills to whether there was a waiver of the requirement that the meal period occur "at a time midway between the beginning and end of such employment" (Labor Law § 162 [4]). To be valid, it must be found that a waiver was freely, knowingly and openly made, without taint of coercion or duress, that the waiver was in return for a benefit and that there was no bad faith involved *(Matter of American Broadcasting Cos. v Roberts, supra).* Although petitioner contends that all of these requirements were fulfilled, respondents argue to the contrary. However, the Board of Appeals based its determination on matters of public policy and legislative intent, which it found expressed in the statute; it never reached the issue of whether a waiver or modification was made and, if so, whether it fell within the framework established in *Matter of American Broadcasting Cos. v Roberts (supra).* Therefore, the determination must be annulled and the matter remitted for a determination on this issue.

MAHONEY, P. J., CASEY, YESAWICH, JR., and HARVEY, JJ., concur.

Adjudged that the determination is annulled, on the law, without costs, and matter remitted to the Industrial Board of Appeals for further proceedings not inconsistent with this court's decision.