OPINION OF THE COURT
Gerald S. Held, J.
In this action for alleged unpaid wages, defendants move to dismiss plaintiffs’ complaint.
Plaintiffs commenced this action on or about July 12,1996 to recover prevailing wages and benefits which plaintiffs failed to receive for labor performed by them for their employer R. Marie Piping, Inc. (Marie) on certain public work projects (the Public Work Projects), pursuant to public work contracts (the Public Work Contracts) with the New York City Housing Authority (the NYCHA).
Plaintiffs worked as steam fitters on the Public Work Projects and were paid between $15 and $22 per hour. Plaintiffs contend that the prevailing rate of wages and benefits to be paid steam fitters on State and Federal Public Work Projects during the relevant time period was in excess of $40 per hour, as mandated by article 8 of the Labor Law. Plaintiffs thus allege that they were underpaid, and this lawsuit ensued.
Plaintiffs’ complaint sets forth five causes of action. The first cause alleges a violation of Labor Law § 220. The second cause *431 is for breach of contract. The third claim is for quantum meruit, for the reasonable value of the services. The fourth cause avers a willful failure to pay prevailing wages pursuant to Labor Law §§ 190, 198 and 198-c. The fifth and last cause of action is against defendant The Hartford Fire Insurance Company (Hartford) with respect to surety bonds that it issued concerning payment of wages.
Defendants first urge dismissal of the first, second, and fourth causes of action on the ground that the court lacks subject matter jurisdiction because the claims are within the exclusive purview of the Federal Davis-Bacon Act (40 USC § 276a et seq.). Defendants assert that the Public Work Contracts provide that they are Federally funded and that the Davis-Bacon Act wage rates, and not the provisions of the Labor Law, apply to these projects. According to defendants, since Federal law controls in this matter, plaintiffs’ claims must be dismissed.
The issue herein is not one of subject matter jurisdiction, but whether the plaintiffs have properly stated their claims under New York State law. The question is then whether the Davis-Bacon Act preempts State law on a housing project that is entirely Federally funded.
Dating back to 1931, the Federal Davis-Bacon Act is one of the oldest fair labor standards statutes in the country. It requires that contractors who are engaged in Federal construction projects pay their employees at wage rates not less than local "prevailing wages” as determined by the United States Department of Labor. About 40 States have statutes paralleling the Davis-Bacon Act, often referred to as "Little Davis-Bacon Acts” (Morowitz, Government Contracts, Social Legislation, and Prevailing Wages: Enforcing the Davis-Bacon Act, 9 In Pub Interest 29 [1989]).
The New York statute, analogous to the Davis-Bacon Act, is found in Labor Law § 220, requiring contractors to pay employees the prevailing wages of the industry in the locality. Although the two laws, Federal and State, focus on the prevailing wage in the locality, the method of computation is different in ways that tend to result in State-determined wage rates that are higher than the Davis-Bacon rates (see, discussion in 53 Fed Reg 30206, 30208).
24 CFR 965.101 states, in pertinent part, as follows:
" 965.101 Preemption of State prevailing wage requirements.
"(a) A prevailing wage rate (including basic hourly rate and any fringe benefits) determined under State law shall be inap *432 plicable to a contract or PHA [Public Housing Agency]performed work item for the development, maintenance, and modernization of a project whenever:
"(1) The contract or work item: (i) Is otherwise subject to State law requiring the payment of wage rates determined by a State or local government or agency to be prevailing and (ii) is assisted with funds for low-income public housing under the U.S. Housing Act of 1937, as amended; and
"(2) The wage rate determined under State law to be prevailing with respect to an employee in any trade or position employed in the development, maintenance, and modernization of a project exceeds whichever of the following Federal wage rates is applicable:
"(i) The wage rate determined by the Secretary of Labor pursuant to the Davis-Bacon Act (40 U.S.C. 276a et seq.) to be prevailing in the locality with respect to such trade”.
Three of the six contracts at issue in the present case contain language that mirrors the aforementioned Federal regulation.[1] Even as to those contracts that do not contain such a provision, the Federal regulation quoted above would govern the Federally funded project, since the Supreme Court of the United States, in Hillsborough County v Automated Med. Labs. (471 US 707, 713), held that a State law can be preempted by a Federal regulation.
In one Federal case on the issue, the court in FHM Constructors v Village of Canton Hous. Auth. (1993 WL 23587 [ND NY, Feb. 2, 1993, McCurn, Ch. J.]) concluded that the Davis-Bacon Act preempts State prevailing wage rate schedules for purposes of Federally funded housing projects. The reasoning of Chief Judge McCurn in FHM Constructors is persuasive.
In opposing the motion to dismiss, plaintiffs rely on Matter of Tap Elec. Contr. Serv. v Hartnett (76 NY2d 164 [1990]), where the Court of Appeals held that Federal regulations do not preempt Labor Law § 220 under a highway project jointly *433 funded by the State and Federal Governments. That case is distinguishable for several reasons. First, it did not deal with the issue of wages, which is the central focus of the Davis-Bacon Act. Indeed, the Court of Appeals said that section 220 "does not interfere with * * * the Davis-Bacon Act * * * because it does not purport to raise the minimum wage paid to Federal trainees” (Matter of Tap Elec. Contr. Serv. v Hartnett, supra, 76 NY2d, at 170). Second, the Federal regulation involved in Tap Elec, did not expressly require preemption (supra, at 169).
Since five of the six contracts at issue in the case at bar are fully funded by the Federal Government, State law is inapplicable under the hereinbefore-quoted regulation by express preemption. Only one of the subject contracts — the Linden House project — was not Federally funded, and as to that contract, defendants maintain that the two plaintiffs did not work on the Linden House project. Defendants’ contention is unrebutted.
Accordingly, the first, second, and fourth causes of action are dismissed in their entirety.
The third cause of action of the complaint seeks recovery from defendant Marie of $200,000, on a theory of quantum meruit, for the reasonable value of plaintiffs’ services and work. The defendants seek to dismiss this cause of action on the theory that the statute protecting an employee’s right to prevailing wages does not confer a private right of action. Since the court has ruled that the Federal Davis-Bacon Act preempts the Labor Law under the facts herein, the court has reviewed the Federal case law on whether the Federal statute confers a private right of action in favor of wage earners aggrieved by a violation of that Act. Although cases have reached different results and there has been no decision on the issue by the United States Supreme Court, the great weight of authority indicates that the Federal Davis-Bacon Act did not confer rights directly on employees (compare, Weber v Heat Control Co., 728 F2d 599, 599-600 [3d Cir 1984], affg on opn below 579 F Supp 346 [D NJ 1982] [no implied private right of action]; United States ex rel. Glynn v Capeletti Bros., 621 F2d 1309, 1317 [5th Cir 1980] [same]; Peatross v Global Assocs., 849 F Supp 746, 749 [D Haw] [same]; Mosley v Starr Elec. Co., 542 F Supp 1032 [ED Tenn 1981] [same], with McDaniel v University of Chicago, 548 F2d 689 [7th Cir 1977], cert denied 434 US 1033 [1978] [holding a private right of action is necessary to effectuate Congress’ intention]; Norling v Valley Contr. & Pre-Mix, *434 773 F Supp 186, 189 [D ND 1991] [same]). Since Congress did not expressly create a private right of action in the Act, this court agrees with the majority of courts that hold that such a private action may not be maintained. The third cause of action is thus dismissed.
Even if the Act did not preempt State law, the court disagrees with plaintiffs’ contention that Labor Law § 220 provides a private right of action (see, Matter of Yerry v Good-sell, 4 AD2d 395, 403-404 ["The Legislature has chosen to leave the question of whether an investigation should be instituted solely to the discretion of the fiscal officer”], affd 4 NY2d 999; see generally, Annotation, Employees’ Private Right of Action to Enforce State Statute Requiring Payment of Prevailing Wages on Public Works Projects, 10 ALR5th 360).
The recent decision by the New York State Court of Appeals in Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney (89 NY2d 395, 401-403) supports this conclusion. The Court of Appeals stated:
"Labor Law § 220, in content, structure and purpose confirms that a proceeding such as this, brought by the Commissioner of Labor to enforce the statutory and constitutional mandate, has as its overriding goal the vindication of a public interest rather than just to provide a forum in a particular case for the adjudication of a claimed personal statutory right, as in Mills v County of Monroe (supra) (see also, Board of Educ. v New York State Div. of Human Rights [Arluck], 44 NY2d 902, 904, rearg denied 45 NY2d 838; Matter of Board of Educ. [Wagner Corp.J, 37 NY2d 283). Section 220 has been characterized as 'an attempt by the State to hold its territorial subdivisions to a standard of social justice in their dealings with laborers, workmen, and mechanics’ (Austin v City of New York, 258 NY 113, 117 [Cardozo, Ch. J.] [emphasis supplied]).
"The statutory procedures, powers and duties of the Commissioner and available remedies and sanctions under section 220 and the other provisions of article 8 of the Labor Law all have the earmark of a powerful administrative mechanism for the enforcement of a strong public policy, over which a private complainant has no control * * *
"[Proceedings under section 220 are the antithesis of proceedings for the enforcement of private rights, statutory or otherwise.”
The defendants, finally, seek dismissal of the fifth cause of action against defendant Hartford as a surety on a payment *435 bond. Specifically, Labor Law § 220-g permits an affected employee to bring an action to recover his or her unpaid wages from the payment bond that must be filed pursuant to the State finance law. The employee or his or her union must file such an action within one year of the date of the last alleged underpayment (Labor Law § 220-g).
The payment bonds in the present case provide for a two-year period in which to file a lawsuit,[2] to wit: "(e) In no event shall the Surety, or its successors or assigns, be liable for a greater sum than the penalty of this bond or be subject to any suit, action or proceeding hereon that is instituted by any person, firm, or corporation hereunder later than two years after the complete performance of said Contract and final settlement thereof.”
Even providing the plaintiffs the benefit of the longer limitation period contained in the bond, their action is untimely. Defendant Marie completed each of the six projects on or about the following dates: (a) Webster House — September 24, 1992; (b) Sheepshead House — October 9, 1992; (c) Amsterdam House — December 23, 1992; (d) Linden House — September 10, 1993; (e) Millbrook House — May 6, 1994; and, finally, (f) McKinley House — April 29, 1994. The complaint in this case is dated July 10, 1996, more than two years after the last date on which Marie completed its services. The fifth cause of action is thus dismissed.
Defendants’ motion to dismiss, therefore, is granted as to all five causes of action, and the plaintiffs’ complaint is hereby dismissed.

. The relevant provision contained in three contracts at issue states:
"Ob) Any prevailing wage rate (including basic hourly rate and any fringe benefits) determined under State law to be prevailing with respect to any employee in any trade or position employed under this Contract is inapplicable to this Contract and shall not be enforced by the Authority to employees engaged under this Contract whenever either of the following occurs:
"Such nonfederal prevailing wage rate exceeds
"(1) the applicable wage rate determined by the Secretary of Labor pursuant to the Davis-Bacon Act (40 U.S.C. 276a et seq.) to be prevailing in the locality with respect to such trade”.

. Copies of the payment bond, which were improperly appended to a memorandum of law instead of motion papers, shall nevertheless be treated as part of the record.