OPINION OF THE COURT
Barbara R. Kapnick, J.
In this action, plaintiff State Insurance Fund (SIF) seeks to recover unpaid premiums for workers’ compensation insurance coverage provided to defendant Eugene Iovine, Inc. for the *488 periods of March 1, 1996 to April 23, 1998 in the sum of $195,483.70 (first cause of action);[1] the same amount based on an account stated (second cause of action); collection costs pursuant to State Finance Law § 18 (5) in the sum of $43,006.41 (third cause of action); plus interest and the costs and disbursements of this action.
Defendant, in its amended answer, has asserted six affirmative defenses. The first affirmative defense alleges that “[pjlaintiff improperly included in its calculation additional monies paid to Iovine’s employees in lieu of providing benefits, as mandated by the applicable collective bargaining agreement, rather than solely upon wages paid as salary, in violation of plaintiffs own rules and regulations.” The second affirmative defense asserts that “[pjlaintiff s calculation of premiums is directly contradicted by the distinction between wages and benefits set forth in Section 220 of the New York Labor Law.” The third affirmative defense alleges that
“[pjlaintiff s calculation of premiums is directly contradicted by the well established law of this State as set forth in Action Electrical Contractors Co., Inc. v Goldin, 64 NY2d 213 . . . (1984), in which the Court of Appeals expressly provided that supplemental benefits could be paid in cash, but that doing so did not transform those cash benefits payments into wages.”
The fourth affirmative defense alleges that “[t]he method used by plaintiff to calculate premiums violates Section 2316 of the New York Insurance Law” and makes defendant “unable to competitively bid for electrical contracts.” The fifth affirmative defense asserts that defendant “repeatedly and expressly rejected plaintiffs calculation of the additional premiums” and thus no account was stated. Finally, the (second) fifth affirmative defense asserts that “[t]he statute of limitations bars any recovery for monies alleged to be due for the period prior to August 16, 1996.”
Plaintiff now moves for summary judgment on all of its claims. Defendant cross-moves for summary judgment dismissing plaintiffs complaint in its entirety.
There is no dispute that SIF utilized the salary Iovine paid to its employees, together with the cash portion of the supplemental benefits payments (supplements) defendant paid to its employees in lieu of the scheduled benefit payments it was required *489 to make under Labor Law § 220, as remuneration in computing the workers’ compensation premiums due, but excluded from remuneration payments made to group insurance plans or group pension plans.[2]
Plaintiff argues that it is entitled to summary judgment because it properly followed the manual promulgated by the New York Compensation Insurance Rating Board which sets forth the basis for calculating the remuneration component of the premiums due. Specifically, plaintiff contends that its calculations are in accord with the remuneration rule — i.e., Rule V (Premium Basis) — which provides, in relevant part, as follows:
“b. REMUNERATION — PAYROLL
“1. Definition
“Remuneration means money or substitutes for money.
“2. Inclusions
“Remuneration includes: . . .
“n. Wages paid to employees as salary in conjunction with the Davis-Bacon Act or other prevailing wage laws.”[3]
Defendant, on the other hand, contends that supplements paid to workers in cash are not “wages” and, therefore, should not be calculated by plaintiff in determining workers’ compensation premiums.
A distinction is made under the Labor Law between wages and supplements. Specifically, Labor Law § 220 (3) provides, in relevant part, as follows:
“The wages to be paid for a legal day’s work, as hereinbefore defined, to laborers, workmen or mechanics upon such public works, shall be not less *490 than the prevailing rate of wages as hereinafter defined . . .
“The supplements, as hereinafter defined, to be provided to laborers, workmen or mechanics upon such public works, shall be in accordance with the prevailing practices in the locality, as hereinafter defined. Serving laborers, helpers, assistants and apprentices shall not be classified as common labor and shall be provided supplements in accordance with the prevailing practices as hereinafter defined.”
Moreover, the Court of Appeals has noted that nothing in section 220 of the Labor Law “expressly prohibits an employer from providing the prevailing supplements either totally by payments in cash, partially in benefits and partially in cash, or totally in benefits by direct contribution to a benefits fund.” (Action Elec. Contrs. Co. v Goldin, supra at 221.)
Rather, “[supplements may be provided by cash payments equal to the cost of providing the prevailing supplements, a combination of cash and benefits, or by an equivalent benefits plan.” (Id. at 222.)
Most significantly, the Court found that supplements may be “ ‘any payments which are not “wages” ’ such as life insurance, health, disability, or vacation benefits, or holiday pay. Obviously, cash may be involved in providing such fringe benefits, both in their cost and in their delivery to employees when a claim arises . . . .” (Id. at 222-223 [emphasis supplied].)
Defendant argues that by treating supplements paid in cash as wages, SIF has violated the Equal Protection Clause of the New York State Constitution because its workers receive no additional benefits as a result of the increased premiums. Defendant contends that such treatment has the effect of putting Io-vine and other similarly situated contractors at a competitive disadvantage when bidding on publicly financed projects as compared to contractors that do not pay cash supplements (i.e., contractors that provide prevailing supplements totally in benefits by direct contribution to a benefit fund and are thus subject to lower premiums). See Matter of Cooke v Board of Educ. (140 AD2d 439, 440 [2d Dept 1988]), which held that “[a]n agency of the State denies equal protection when it treats, persons similarly situated differently under the law.”
Plaintiff disputes defendant’s claim that SIF improperly treats similarly situated contractors differently under the law. Rather, it contends that as a result of SIF’s application of the remuner *491 ation rule, defendant’s employees at least have the potential of receiving the additional benefit of having their salaries plus the cash payments made in lieu of the supplemental benefits used as the basis for a workers’ compensation award in the event that they suffer an on-the-job related injury.[4]
Plaintiff argues that there is, therefore, no basis for this court to disturb the application of the remuneration rule, which was upheld in an administrative determination in Matter of Petition of Affirmative Pipe Cleaning Co., Inc., to Review the Determination of The New York Compensation Insurance Rating Board, dated November 29, 1996 (and subsequently approved and adopted by the Deputy Superintendent of the New York State Insurance Department on November 14, 1997).[5]
However, this court is not bound by that administrative determination. Rather, this court finds that SIF’s treatment of supplements paid in cash as wages is inconsistent with the distinction between “wages” and “supplements” set forth in Labor Law § 220 (3) and directly violates the ruling of the Court of Appeals in Action Elec. Contrs. Co. v Goldin (supra at 222) that such payments are not “wages.”
Accordingly, based on the papers submitted and the oral argument held on the record on December 10, 2003, this motion and cross motion are granted only to the extent of directing SIF to recalculate the amount of premiums due for workers’ compensation insurance coverage provided to Iovine for the period of March 1, 1996 to April 23, 1998, without including any supplements paid by defendant to its workers in cash.

. All causes of action refer to plaintiffs amended verified complaint.

. The Labor Law requires contractors to provide laborers on publicly financed jobs with supplements in accordance with the prevailing practices in the locality as determined by the fiscal officer. (See, Labor Law § 220 [3].) “Supplements” is defined as “all remuneration for employment paid in any medium other than cash, or reimbursement for expenses, or any payments which are not ‘wages’ within the meaning of the law, including, but not limited to, health, welfare, non-occupational disability, retirement, vacation benefits, holiday pay, life insurance, and apprenticeship training.” (Labor Law § 220 [5] [b].)

. The Davis-Bacon Act is the federal statute concerning prevailing wages. The New York statute, analogous to the Davis-Bacon Act, is found in Labor Law § 220, requiring contractors to pay employees the prevailing wages of the industry in the locality. (See, generally, Majstrovic v Marie Piping, 171 Misc 2d 429 [Sup Ct, Kings County 1997].)

. While defendant concedes that this hypothetical exists, defendant contends that none of its workers actually received any additional benefit because all of its employees worked at least the requisite number of hours at the prevailing wage rate (i.e., all of defendant’s workers during the relevant period were paid an average of at least $600 per week in wages) to qualify for the maximum cash benefit required to be paid by SIF (i.e., $400 per week) without consideration of the cash supplements.

. The hearing officer therein found that the Court of Appeals decision in Action Elec. Contrs. Co. v Goldin (supra) was inapposite to the issue raised therein; namely, whether the Board’s remuneration rule is discriminatory and anticompetitive.