OPINION OF THE COURT
Herman Cahn, J.
Defendants and third-party defendants, NAP Construction Company, Inc., Anthony Panagio and Sheryl Panagio, move to dismiss all of plaintiffs’ claims for failure to state a cause of action (CPLR 3211 [a] [7]). Defendants St. Paul Mercury Insurance Company and Greenwich Insurance Company submit briefs in support of the motion to dismiss.
Background
This action arises out of defendant NAP’s alleged failure to pay the prevailing wage rates and supplemental benefits and overtime to the named plaintiffs, and other members of the certified class, for labor they performed on certain public works projects. The projects included construction projects located at the Baruch Houses, Grant Houses, Manhattanville Houses, Monroe Houses, St. Nicholas Houses, Bayview Houses, Baychester Houses, Smith Houses, Douglas Houses, and Throgs Neck Houses (collectively the public works projects).
In September 1997, NAP entered into public works contracts with the New York City Housing Authority (NYCHA), contracting that NAP would perform general construction work at the public works projects (public works contracts). The public works *960 contracts provided that NAP “shall pay to all laborers and mechanics employed in this work not less than the wages prevailing in the locality of the Project, as predetermined by the Secretary of Labor of the United States pursuant to the Davis-Bacon Act (Title 40 U.S.C. Sections 276a—276a-5).” (Public works contracts, general conditions § 43 [a].)
Plaintiffs allege that NAP paid them far less than the prevailing wage and benefit rates listed in the schedule annexed to the public works contracts. Plaintiffs also allege that they worked 8 to 12 hours a day, and never received overtime compensation.
As a result, plaintiffs brought this action against NAP, Anthony Panagio, one of the 10 largest shareholders of NAR and Greenwich Insurance Company and St. Paul Mercury Insurance, the insurance companies which issued labor and material payment bonds on behalf of NAP under the public works contracts. Plaintiffs allege causes of action for breach of contract, quantum meruit, fraud, unjust enrichment, overtime compensation under the Fair Labor Standards Act of 1938 (29 USC § 201 et seq.), Labor Law § 655 and 12 NYCRR 142-3.2, failure to pay wages and benefits and overtime rates under Labor Law §§ 190, 191 and 198-c, personal liability under Business Corporation Law § 630 and Fair Labor Standards Act (29 USC) § 230, and suretyship.
Analysis
The public works contracts provide that:
“[Tjhe following Labor Standards Provisions are applicable to federally-funded contracts and shall be deemed to supplement and not supercede any other provisions in this Contract:
“1. Davis-Bacon Act (40 U.S.C. 276a—276a-7) . . .
“2. Contract Work Hours and Safety Standards Act—Overtime Compensation (40 U.S.C. 327-333)” (public works contracts, general conditions § 49).
Therefore, the Davis-Bacon Act (40 USC former § 276a et seq., recodified as 40 USC § 3141 et seq.) applies to these federally-funded public works contracts.
The first issue to be addressed is whether a private right of action exists to enforce contracts requiring the payment of Davis-Bacon Act prevailing wages. In Gonzalez v D&S Zaffuto Joint Venture (271 AD2d 356 [1st Dept 2000]), the Court held that plaintiffs do not have a claim for breach of contract or quantum meruit on the grounds that a private right of action does not exist under the Davis-Bacon Act. (Gonzalez, 271 AD2d 356 [1st Dept 2000].)
*961 Plaintiffs here argue that, in Gonzalez, the First Department relied on an incomplete record, in that the briefs submitted did not cite Court of Appeals decisions that have some relevance to the issue. The argument is without merit. To the extent that this nisi prius court is invited to change the rule enunciated by the First Department, the invitation is declined. The Gonzalez decision can only be overruled by the Appellate Division or Court of Appeals. The causes of action for breach of contract, quantum meruit, and unjust enrichment are dismissed.
Plaintiffs have chosen to bring some of their claims under the Labor Law. Therefore, the court must address the issue of whether the Davis-Bacon Act preempts the Labor Law cited by plaintiffs.
Defendants argue that the doctrine of preemption applies to this action. They rely on a decision by the Supreme Court, Kings County, Majstrovic v Maric Piping (171 Misc 2d 429 [Sup Ct, Kings County 1997]). In Majstrovic, the court held that the Davis-Bacon Act preempts state law on a housing project that is federally-funded. The Majstrovic court relied on the federal regulation entitled “Preemption of State Prevailing Wages” and FHM Constructors, Inc. v Village of Canton Hous. Auth. (1993 WL 23587, 1993 US Dist LEXIS 1265 [ND NY, Feb. 2, 1993]), in which a Federal District Court held that the United States Housing Act preempted Labor Law § 220. This court respectfully disagrees with the determination made by the Majstrovic court, because the authority relied on addressed the issue of preempting federal wage rates, and not the preemption of state statutory law in regard to claims for unpaid wages. Thus, defendants’ reliance on this case is inapplicable to the case at bar.
A federal law may preempt state law in three ways: express preemption, implied preemption, and conflict preemption. (See Hillsborough County v Automated Medical Laboratories, Inc., 471 US 707 [1985].) It is clear that the Davis-Bacon Act does not contain an express state law preemption clause. Further, this court does not find any indication in the Davis-Bacon Act, or its related regulations, that implies Congress’ intent to encompass the entire field relating to Davis-Bacon wages. The last type of preemption, conflict preemption, exists when compliance with both the state law and the federal law is impossible, or when the state law stands as an obstacle to the accomplishment of the purposes and objectives of *962 Congress. (FHM Constructors v Village of Canton Hous. Auth., 1993 WL 23587, 1993 US Dist LEXIS 1265 [ND NY, Feb. 2, 1993].)
Here, there is no conflict with the Labor Law sections allowing workers to sue for unpaid wages and fraud, because the Davis-Bacon Act does not give workers an express administrative remedy. Thus, the Labor Law sections relied on by the plaintiffs do not frustrate the purpose of the Davis-Bacon Act. Plaintiffs are not disputing the Davis-Bacon wage rates, rather, they allege they were not paid those rates at all.
The state laws also do not stand as an obstacle to the Davis-Bacon Act’s purpose of protecting workers by requiring that certain minimum wages be paid to them. The state laws allow a worker to enforce the proper payment of wages, which is not an obstacle to the act’s purpose to protect workers. Thus, the Labor Laws cited by plaintiffs are not preempted.
Plaintiffs have also brought a claim for overtime under the Fair Labor Standards Act. Defendants argue that this cause of action is an attempt to circumvent the procedural requirements of the Davis-Bacon Act, as stated in Grochowski v Phoenix Constr. (318 F3d 80 [2d Cir 2003]). However, the Grochowski court did not find that the plaintiffs therein could not bring a claim under the Fair Labor Standards Act. Rather, the court only stated that the plaintiffs were trying to circumvent the Davis-Bacon Act because, after the District Court limited the plaintiffs’ overtime claim to hourly time and a half under the Fair Labor Standards Act, the plaintiffs appealed to calculate the overtime rates as prevailing wages hourly time and a half rates. The Second Circuit found that this was an attempt to circumvent the Davis-Bacon Act, because plaintiffs chose to bring their claim under the Fair Labor Standards Act and were now trying to apply Davis-Bacon Act wage rates to their owed overtime. That is not the situation here. Therefore, plaintiffs are permitted to bring a claim under the Fair Labor Standards Act.
Plaintiffs also bring claims for personal liability, under the Business Corporation Law and the Fair Labor Standards Act, against defendant Anthony Panagio. These particular claims were not addressed by the parties and, thus, the court will not address them herein.
Plaintiffs also bring a claim against the sureties, Greenwich and St. Paul. This claim is limited to the causes of action *963 remaining in this action. The parties’ remaining arguments need not be considered in light of the above decision.
Accordingly, it is ordered that the motion to dismiss is granted, in part, in that the first, second, and fourth causes of action of the amended complaint are dismissed; and it is further ordered that the motion is otherwise denied.